# THE STATE OF IOWA:

## DES MOINES, DECEMBER TERM, A. D. 1873.

IN THE TWENTY-EIGHTH YEAR OF THE STATE.

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
" WILLIAM E. MILLER, ⎫
" CHESTER C. COLE, ⎬ JUDGES.
" JAMES G. DAY. ⎭

CAMPBELL v. MAYES ET AL.

1. **Evidence:** COMPETENCY: ADMINISTRATOR. In an action to compel a conveyance of real estate under a parol contract with a person since deceased, whose administrator had been made a party, and who was a proper but not a necessary party, the depositions of the plaintiff and his wife to prove the contract were held to have been properly admitted.

2. ——: ——: ——. The action being subsequently dismissed as to the administrator, the depositions did not thereby become incompetent.

3. **Contract:** ESTOPPEL. Where a father promised to convey to his son a certain piece of land and right of way, if the son would erect a house upon the land designated, and upon the faith of this promise the son built his house there, and continued in peaceable possession and use of the land and right of way for a period of years: *Held*, that the father was in equity estopped from asserting ownership as against his son.

*Appeal from Clinton District Court.*

FRIDAY, DECEMBER 5.

This is a suit in equity to obtain specific performance of alleged parol contracts, for the conveyance of certain real estate between the plaintiff and William Campbell, his father, now deceased. The defendants are the children and heirs at law of said William Campbell, deceased. The plaintiff alleges the making of the contracts and the defendants deny it. The District Court found for the defendants and denied the specific relief; but, subject to plaintiffs acceptance, ordered a reference to ascertain the value of plaintiff's improvements on the real estate with a view to an equitable decree respecting them. The evidence was by deposition and is all in the record; the abstract of it covering one hundred and fifty printed pages. The ultimate facts are stated in the opinion. The plaintiff appeals.

*W. E. Leffingwell, K. W. Wheeler,* and *Cotton & Cross* for appellant.

*Cook, Richman & Bruning,* and *Merrill & Howat,* for appellees.

COLE, J.   I.   When this action was commenced the administrator of William Campbell's estate was made defendant, and while he was a party the depositions of the plaintiff, and of his wife, were taken for the purpose of proving the contracts sued 1. EVIDENCE: upon. The counsel for defendants moved to competency: exclude those depositions; but the District Court administra- overruled the motion. The testimony contained tor. in the depositions is very material, and as the cause is triable here *de novo*, the motion to exclude is also insisted upon here. In our opinion the District Court ruled correctly.

By Rev. 1860, § 3980, it is provided that "no person shall be disqualified from giving testimony in any action by reason of his interest in the same, or in the event of the same, whether such interest be as a party thereto or otherwise." It is then further enacted, "§ 3982. No person shall be allowed to testify under the provision of § 3980, where the adverse party is

Campbell v. Mayes.

the executor of a deceased person, when the facts to be proved transpired before the death of such deceased person, and nothing in such section contained shall in any manner affect the laws now existing in relation to the settlement of estates of deceased persons, infants, or persons of unsound mind; or the attestation of any instrument required to be attested."

Whether the administrator was a *proper* party we need not determine. That he was not a *necessary* party, seems to us very clear; and this, although §§ 2460–1 provide for proceedings against executors in certain cases of obligations to convey real estate. Since the administrator was not a necessary party, the action as against him might properly be dismissed without prejudice as against the others. When it was dismissed as to the administrator, he was no longer an adverse party, and that fact then ceased to operate as a reason for excluding the depositions. Nor is this action in any ordinary, legal or practicable sense, a proceeding " in relation to the settlement of estates of deceased persons," and hence for this reason the depositions could not be excluded. The depositions, when taken, were competent as against all the present defendants, and hence they are competent now. In this respect they are different from a deposition of an interested witness, under the common law rule when interest would disqualify; for then the subsequent removal of interest by release or otherwise would not make the deposition competent—it being incompetent when taken, it would remain so. At the common law the incompetence inhered in the witness, and he must first be made competent and then testify; under our statute the witness is competent, and the incompetence of the deposition attaches by reason of the party, and when the party is dismissed, the incompetence is removed. It is true, as argued by appellee's counsel, that the reason underlying the statute, applies with equal force when the heirs of a deceased person are defendants, as where the executor is a defendant. But courts do not apply a statute to all cases embraced within the reason of it, but only to those within the language of it. The Code of 1873, § 3639, seems to have extended the prohibition, by language, to all persons and cases within the reason of the former statute.

II.   We find from the evidence that William Campbell, the ancestor, was, in 1859, the owner of a body of land in section 2. ——: ——: twenty-two, township eighty-one, range three, in ——. Clinton county, containing one hundred and forty acres; that the plaintiff, his son, owned one hundred acres adjoining thereto, and was about to build a house on his own land, and had its precise location staked off; that at the request of his father, and upon the faith of his promise to make the plaintiff the absolute owner of one acre on his land and convenient to plaintiff's, with the right to a road to plaintiff's land, and also to the highway, the plaintiff abandoned the building site upon his own land, and erected his house, etc., upon the acre designated by his father; that the plaintiff completed his house and moved into it on the first day of December, 1859, and continued in the actual possession of said acre and the roads, up to the decease of his father, on the fifth day of January, 1871; that the precise boundary of the acre has never been fixed, nor the exact lines of the roads marked out.

As a conclusion of law we find that the plaintiff shall be quieted in his title to said acre and the roads; that the boundary and lines thereof shall be fixed and marked by a referee, and in determining the same he shall be governed by the manner of their use in the past and their convenience in the future.

We have been full and definite in the order, (although perhaps unnecessary in view of the conclusion reached upon the next point,) because neither member of the court has any doubt respecting the rights of the plaintiff to the relief specified.

3. CONTRACT: For, even if there was room for doubt as to the fact estoppel. of an express contract, the conceded circumstances would imply one. The father was the owner of the land, and standing by and seeing his son build a house upon it under a claim of right to it, would, in equity, be estopped from thereafter asserting ownership in himself as against his son.

III.   We find further from the evidence, that the father of plaintiff, William Campbell, now deceased, made a parol agreement with the plaintiff, in January, 1867, that if the plaintiff would board and care for the said William Campbell and his wife, Ann Campbell, as long as they should live, and pay them

Campbell v. Mayes.

also one hundred dollars per year, and pay the taxes on the land, and keep the farm in repair, he should have the aforesaid one hundred and forty acres of land as his own, absolutely, at their death; that accordingly the plaintiff did board and care for them from that time up to the death of the said William, which occurred suddenly in January, 1871, and he also paid the taxes, kept the farm in repair and made valuable and permanent improvements thereon; that after the death of his father, the plaintiff continued to board and care for his mother, the said Ann, for several weeks, and until she, becoming dissatisfied, voluntarily left his home and the premises; that after she left, the plaintiff was able, willing and offered to perform his agreement, which offers were refused; that the said Ann Campbell, afterwards, instituted proceedings for the admeasurement of her dower in said land, and one-third thereof was assigned to her.

As conclusions of law hereon, we find that the plaintiff shall be quieted in his title to all said tract of one hundred and forty acres, not assigned to the widow as dower.

The writer hereof deems it not improper to say, that relying alone upon his own unaided judgment he should hesitate somewhat before announcing the finding of facts last above. And this, not because such findings are against the evidence, but because of the want of that clear, certain and definite proof so desirable, if not absolutely necessary in such cases. But the evidence is so entirely satisfactory to the other members of the court as to override the doubts of the writer and produce a concurrence in the result reached. It would be useless to undertake a review of the evidence within the proper limits of an opinion. The sum of it, however, is that plaintiff and wife testify to the contracts substantially as above found, and there are many corroborating declarations made to others by the ancestor; while on the other hand, there are many facts and circumstances proven, which are quite inconsistent with plaintiff's claim, and no conceded independent fact or act is absolutely inconsistent with either view.

REVERSED.