CLINTON SAVINGS BANK, Appellant, v. UNDERHILL, GROHE, Executrix, *et al.*

**Evidence:** TRANSACTIONS WITH ONE DECEASED: *Who are not parties in interest.* Defendants as to whom the action has gone to judgment at the time they testify on the issue between plaintiff and the other defendant are not parties within Code, section 4604, which prohibits a party to an action testifying to a transaction between him and a person deceased at the time of the examination against the executor of such deceased person.

SAME. Mortgagors whose mortgage to a decedent has been foreclosed, and their liability to the estate fixed by the judgment, are not persons interested in the event of an action between mortgagees to determine priority of the mortgages, within Code, section 4604, prohibiting persons so interested from testifying against an executor to a transaction between witness and deceased.

*Mortgagor and mortgagee.* Mortgagors of a homestead are persons from, through, or under whom the mortgagee derives his title, within Code, section 4604, prohibiting any person from, through, or under whom any party or interested person in an action derives any interest or title from testifying to any personal transaction or communication between such witness and a person deceased at the commencement of such examination against the executors of such deceased person.  ..

*Appeal from Clinton District Court.*—HON. P. B. WOLFE, ·Judge.

SATURDAY, DECEMBER 21, 1901.

ACTION in equity to reform and foreclose a mortgage on real estate. The issue here was tried only as between plaintiff and Olive S. Grohe, executrix. From an adverse decree, plaintiff appeals.—*Affirmed.*

*Hayes & Schuyler* and *Chase & Seaman* for appellant.

*M. M. & C. C. Melchert* for appellees.

WATERMAN, J.—We granted a rehearing in this case, which was reversed in the opinion first filed (84 N. W. Rep. 667), because of an argument in support of the trial court's judgment, which was first presented by appellee in the petition for rehearing. Every argument presented on the original submission was disposed of, and, as we think, properly, in the first opinion written. But as it is doubtless our duty to sustain the trial court if there is any reason upon which it can be done, even though such ground may not be presented by counsel, we have reopened the case to give the new matter consideration. As plaintiff states its cause of action, it holds a mortgage executed by Hiram Underhill and his wife, Ada E., on lot 2 in Underhill's Second addition to the city of Clinton, but which, by mistake of the scrivener, describes the property as lot 1 in Underhill's First addition to said city. This action is to reform the description and foreclose the mortgage. It is also averred that after the execution of plaintiff's mortgage one W. C. Grohe took a mortgage from said Underhill and wife on lot 2 of Underhill's Second addition, but that said mortgage was without consideration, and taken with full notice of plaintiff's prior lien, and is inferior and subject thereto. Hiram Underhill, his wife, Ada E., and Olive C. Grohe, executrix of the estate of said W. C. Grohe, deceased, are made parties defendant. Underhill and his wife defaulted, and a decree was taken against them as prayed. The questions we have to consider arose on the trial of the issue of priority of liens between plaintiff and Olive S. Grohe, executrix, and relate solely to the competency of certain witnesses. As against Olive S. Grohe, executrix, it was incumbent on plaintiff, in order to establish the priority of its lien, to prove: (1) The mistake in its mortgage; and (2) that W. C. Grohe had notice of the fact that its mortgage was in fact on lot 2 in Underhill's Second addition when he took his mortgage, or that Grohe's mortgage was without consideration. The mistake in the

mortgage, we think, is established by the testimony of the
witness Seaman, whose competency is not questioned.
But as to the matter of notice to Grohe, or the want
of consideration in his mortgage, a different condi-
tion of affairs exists. The only evidence of these facts
comes from Hiram Underhill and wife, who were witnesses
for plaintiff, and who testify also as to the mistake. Their
testimony makes plaintiff's case, if it can be considered.
Objection was duly made to these witnesses under section
4604 of the Code, which prohibits a party to an action, or
any person interested in the event thereof, or the husband
or wife of any such party or person, giving evidence in rela-
tion to any personal transaction or communication between
such witness and a person deceased at the time of the ex-
amination against the executor of such deceased person. It
is insisted on behalf of the executrix that Underhill and his
wife were doubly disqualified, for that they were both par-
ties to the action, and persons interested in its results. A
mere nominal party, or one who has no substantial interest
in the action, is disqualified under this section. *Williams v.
Barrett,* 52 Iowa, 637; *Burton v. Baldwin,* 61 Iowa, 283.
But he must be in fact a party at the time of giving
testimony, in order to render him incompetent to testify.
If the action has been dismissed against him, he may give
such evidence. *Campbell v. Mayes,* 38 Iowa, 9. So also,
if he is bound to a stipulation to a judgment against him-
self, although the judgment has not been entered, the dis-
qualification is removed. *Conger v. Bean* 58 Iowa, 321.
In this case this court said: "If James M. Bean was a party
to the action within the meaning of the statute (section
3639, Code 1873; present Code, section 4604), his deposi-
tion was improperly admitted. That he was technically a
party cannot be denied. But, after the filing of the stipula-
tion referred to, his rights were virtually concluded. It is
true, judgment does not appear to have been rendered
against him, as the stipulation provided, but it could have

been rendered. After the filing of the stipulation, the rendition of judgment was a mere formality. It appears to us that the case was not essentially different from what it would have been if judgment had already been rendered. Now, if it had been rendered the action from that time would have been simply an action against the other defendants. It would have been no more an action against James M. Bean than if it had been dismissed as to him. In our opinion, he was not a party within the meaning of the statute, and the court did not err in admitting the deposition."

This holding, we think, disposes of the question now before us in the case at bar. The action had gone to judgment against the Underhills before they were placed upon the witness stand. They were not parties to the issue between plaintiff and the Grohe estate. The situation, for all practical purposes, was the same as though a new action had been brought to settle the order of liens after judgment obtained against the principal debtors.

II. Were the Underhills interested in the issue upon which they testified? The Grohe mortgage against them had been previously foreclosed, and their liability to the estate fixed by judgment therein. No fact established in this case could affect such liability to appellant. In the matter of priority of liens they had no interest or concern, and it was only that matter which was on trial. The interest which will disqualify a witness under this section must be present, certain and vested. It is not sufficient that he at one time had an interest. *Zerbe v. Reigart,* 42 Iowa, 231. The true test of such interest is, will the witness gain or lose by the direct legal effect of the judgment, or will the record be evidence for or against him in some other action? *Wormley v. Hamburg,* 40 Iowa, 22. Applying this test, and we think it manifest these witnesses were not interested.

III. We come now to the new argument presented. The statute referred to excludes not only the testimony of

parties and persons interested, but also of those "from through, or under whom such party or interested person derives any interest or title by assignment or otherwise," and the husband or wife of any such person is also included in the prohibition as to transactions or communications with the witness. Under this clause, it is said, the objection to the Underhills' testimony was rightly sustained by the trial court. We think the claim well founded. Plaintiff's interest was derived from the Underhills, and this puts them clearly within the statutory prohibition. *O'Brien v. Wieller,* 140 N. Y. 281 (35 N. E. Rep. 587). The property in question was the homestead of the Underhills. Plaintiff's interest was derived from both of them, and both were therefore disqualified to testify to the matters upon which they were called to speak. Without the testimony of the Underhills, which we now hold cannot be considered plaintiff has made no case.

The decree of the district court is therefore AFFIRMED.