# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## Oliver v. Mutual Life Ins. Co. of New York.

### June 15, 1899.

1. Life Insurance—*Prepayment of Premium—Delivery of Policy—Conditions Precedent.*—Although the soliciting agent of an insurance company may agree to receive the premium and deliver to an applicant a policy on his life when the application has been received and a policy issued by the company, if the written application is made a part of the policy, and it is therein provided that the contract of insurance is not to take effect until the first premium has been paid and the policy delivered, and the applicant has declined to pay the first premium and take a " binding receipt " at the time of the application, the company, while acting in good faith, is not liable for a loss occurring before the payment of the first premium and delivery of the policy. Such payment and delivery are conditions precedent to liability on the contract.

Error to a judgment of the Law and Chancery Court of the city of Norfolk rendered April 8, 1898, in an action of *assumpsit,* wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*Edward R. Baird, Jr.,* for the plaintiff in error.

*Cole & Shultice* and *Edward Lyman Short,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

The case presented upon this writ of error to a judgment of
the Court of Law and Chancery of the city of Norfolk is a sequel
of the case of *Mutual Life Insurance Company* v. *Oliver*, 95
Va. 445, but as the judgment of the lower court was reversed by
this court on the former hearing because of the error in excluding
the testimony of a witness, M. S. Stringfellow, the decision then
made has no bearing upon the question now before us, though
the record presents the same state of facts as appeared at the
former hearing except as modified by the testimony of that wit-
ness.

The case is as follows: Charles R. Oliver on the 22d of Sep-
tember, 1894, at Norfolk, Va., made to the Mutual Life Insur-
ance Company of New York, (defendant in error) through M.
S. Stringfellow, its soliciting agent, an application for two poli-
cies of insurance upon the life of the applicant, the one for the
sum of $3,000 for the benefit of Ida E. Oliver, his wife, and the
other for $2,000 for the benefit of Kate Oliver, his sister. The
applications were forwarded from the Norfolk office to the com-
pany's southern office in Baltimore, whence they were sent to
the home office in New York, where they were received on Octo-
ber 1st, and put into the regular channel for examination and
acceptance or rejection. They were accepted, and on October
2d the policies were issued and sent from the home office of New
York to the southern office, in Baltimore, and forwarded to the
local office in Norfolk, where they were received on October
4th, and given to the soliciting agent to be delivered to the
applicant. While the agent was away from the company's office
for the purpose of delivering the policies, but before they or
either of them were actually delivered, because the agent had
not then seen the applicant, instructions were received at the
Norfolk office by wire to hold the policies for further instruc-
tions. The soliciting agent who procured the application, and
who had taken the policies for the purpose of delivering them
to the applicant, was recalled to the Norfolk office, where the

policies were kept until the 19th day of October, three days after the death of the applicant, who was shot while hunting on October 16.

The application in this case for the policy of insurance, as usual with all life insurance contracts, is by the terms of the policy made a part of it, and forms an integral part of the contract between the insurer and the insured, and it contains the following stipulations immediately following the statements and answers made to the interrogatories propounded in the application, namely: " I also agree that all the foregoing statements and answers, as well as.those I make to company's medical examiner in continuation of this application, are by me warranted to be true, and are offered to the company as a consideration of the contract which I hereby agree to accept as issued by the company in conformity with this application, and which shall not take effect until the first premium shall have been paid, and the policy.shall have been delivered during my continuance in good health."

There was contained in the application the question: " What has been your former habits of drinking wine, spirits, or other malt liquors? " To which the applicant (Oliver) replied " moderately "; and, after making and mailing the policies to the company's office at Norfolk, Va., to be delivered to Oliver, the company, at its home office, in New York, received two reports contradictory of the answer made by the applicant just stated, and it was by reason of the receipt of this information that the company sent its telegram instructing its agent at Norfolk not to deliver the policies until further instructions, it being the purpose of the company to make investigation with the view of ascertaining whether or not the answer made by the applicant as to his habits of drinking wine, etc., was true or untrue.

It further appears that the defendant in error had in use what is called, in connection with life insurance, a " binding receipt "; that is, a receipt which is given to the applicant for the first

premium to the company when the application is made out and
forwarded, the effect of which is that the applicant stands. in-
sured from the date of his application if the same is accepted
and a policy issued by the company. At the time that Oliver
filled out and signed the application for the policies of insurance
on his life, it was suggested to him by the soliciting agent taking
the application, or perhaps by the general agent of the company
at Norfolk, that if he would pay the first premium on the two
policies applied for, or give his note therefor, the insurance on
his life would take effect from that date if the application was
accepted and the policies of insurance issued to him, but this
Oliver declined to do, saying that he was not altogether sure
that he would be able to take the policy for the benefit of his
sister, and would therefore wait till the policies came.

It furthermore appears that the soliciting agent, M. S. String-
fellow, when he took the application from Oliver for the two
policies, gave him to understand that if his application was ac-
cepted he would deliver the policies to him, and receive the
premiums thereon; which understanding it is contended by
plaintiff in error was had in the presence of the company's gen-
eral agent at Norfolk at the office of the company's counsel, and
that the effect of this understanding was to bind the company
to deliver the policies to Oliver when issued.

Upon the foregoing state of facts this suit was instituted by
plaintiff in error, Ida E. Oliver, to recover of the insurance com-
pany the amount of the policy applied for by her husband for
her benefit, not upon the policy, nor on the ground that the
soliciting agent, Stringfellow, could bind the defendant com-
pany by verbal contract of insurance, but upon the ground that
the soliciting agent by his agreement with Oliver bound the
company to deliver the policies of insurance to him, if issued,
and the company, not having delivered the policy when issued,
is liable for its failure to perform that contract. In other words,
the contention of plaintiff in error is that, although the soliciting

agent could not make a verbal contract of insurance binding his company, he could and did make a verbal contract with Oliver binding the company to deliver him the policy of insurance when issued, and there having been a breach of this contract, plaintiff in error is entitled to recover in this action.

The question presented to this court grows out of the action of the court below in refusing to give instruction No. 1 asked for by the plaintiff, and in giving instruction No. 3 asked for by the defendant, over the objection of the plaintiff. The instructions are as follows:

### Plaintiff's Instruction, No. 1.

" If the jury believe from the evidence that the said Charles R. Oliver made to the defendant company the application for a policy of insurance on his life, which is in evidence in this case, setting out in said application, in accordance with the requirements of the company in that behalf, all the conditions, terms and agreements whereon the said application was made and the policy asked, and agreed and bound himself to accept and pay for said policy as in the application mentioned, if the same was issued by the company to him; and if they further believe that the statements and representations in the said application contained were true, and that the said company received the said application in the usual course of its business, inspected and accepted the same, and determined to issue a policy thereon in accordance with the terms thereof, and did so issue said policy as therein asked for and agreed to be accepted, and sent the same from the home office in the city of New York to its Southern office in Baltimore for the purpose of having it delivered to the said Chas. R. Oliver and the Southern office, in the city of Baltimore, sent the same to the local office in the city of Norfolk for the purpose of having said policy delivered to the said Oliver, then the said company had no right, arbitrarily and without

cause, to withhold and cancel the policy; but it was its duty, if the first premium had been previously paid, to deliver said policy to said Oliver; or, if said premium had not been previously paid to give said Oliver an opportunity to pay the same and receive the policy during his continuance in good health, unless said company was prevented from making said delivery or giving said opportunity to said Oliver by some act of his, or by some reasonable excuse, or unless it had been deceived by some misrepresentation in said application, or had issued the policy under a misapprehension of the real facts in the case."

### Defendant's Instruction, No. 3.

" If the jury believe from the evidence that said C. R. Oliver made a written application to the defendant for a policy of insurance for the benefit of the plaintiff, and that said application contains a condition in which said C. R. Oliver uses the following language: ' I also agree that all the foregoing statements and answers, as well as those I make to the company's medical examiner in continuation of this application, are by me warranted to be true, and are offered to the company as a consideration of the contract, which I hereby agree to accept as issued by the company in conformity with this application, and which shall not take effect until the first premium shall have been paid, and the policy shall have been delivered, during my continuance in good health,' then the court instructs the jury that every part of said clause is material in this case, and that the words ' which I hereby agree to accept as issued by the company in conformity with this application, and which shall not take effect until the first premium shall have been paid, and the policy shall have been delivered, during my continuance in good health,' create a condition precedent, which must be performed before the plaintiff can recover in this action."

There was nothing in the evidence tending to show that the

Insurance Company was not acting in good faith when it instructed its agent at Norfolk to withhold the policies issued upon the application of Charles R. Oliver, nor was there evidence tending to show unnecessary delay on the part of the company in investigating the reports that it had received to the effect that a material statement made by Oliver in his application was untrue. The contention of plaintiff in error is that the report was unfounded, and that therefore the company was bound by the contract made through its agent, M. S. Stringfellow, to deliver the policy when issued. Plaintiff's instruction, No. 1, was misleading in that it in effect told the jury that they had a right to ignore the provisions contained in the policy of insurance applied for by Oliver. It proceeds upon the idea that the evidence tended to show a contract made by Stringfellow, the soliciting agent of the insurance company, binding upon the company, to deliver the policy of insurance to Oliver as soon as issued, notwithstanding the stipulations in the policy that it was not to be binding upon the company until the first premium was paid and the policy delivered to Oliver during his continuance in good health. The instruction was properly refused.

There was an express agreement in the application made by Oliver, not only that the statements and answers made by him were true, but that the policy should not take effect until the first premium was paid and the policy delivered to the applicant during his continuance in good health; and the third instruction given for the defendant correctly told the jury that this provision created a condition precedent which was to be performed before the plaintiff could recover in this action.

To sustain the contention of plaintiff in error that she had a right to recover in this action because of the breach of an understanding between Oliver, the applicant, and Stringfellow the soliciting agent of the company, that the latter would deliver the policy to Oliver when issued, would be to set at naught all of the provisions contained in the policy issued by the company.

It seems to be conceded that the soliciting agent had no authority
to bind the company to issue the policy, or to make for the com-
pany any binding contract of insurance between it and Oliver,
but the contention is that he had ample authority to make a
contract binding upon the company to deliver the policy as soon
as Oliver's application was accepted and the policy issued.  In
this view we are wholly unable to concur.  Oliver, as we have
seen, was afforded an opportunity to make his contract of insur-
ance with the company binding upon it from the date of the
application if it was accepted, by paying the first premium
thereon in advance, which he declined, and thereby left the
matter open and to be concluded and made final as a contract of
insurance in accordance with the provisions contained in his
application.

It would serve no good purpose to review at length the numer-
ous authorities cited by counsel for plaintiff in error to sustain
the views presented by him.  The cases most favorable to his
view are the *Kentucky Mutual Ins. Co.* v. *Jenks,* 5 Ind. 96;
and *New York Life Ins. Co.* v. *Babcock,* decided by the Supreme
Court of Georgia, and reported in 30 S. E. 273.  In the first of ·
these cases there was a substantial compliance with the condition
in the policy requiring that the first year's premium thereon must
be paid before the policy became a binding contract upon the
company, and the court held in that case that under the circum-
stances the delivery of the policy to the company's agent to be
delivered unconditionally to the insured was sufficient to make it
a binding contract upon the company.

The decision in the case of *New York Life Ins. Co.* v. *Babcock,*
*supra,* sustains the same view, but in that case it is apparent that·
there was no provision in the policy making it essential to its
validity that the policy was to be delivered to the insured, for
the syllabus of the case says that actual delivery of the policy
to the insured is not essential to the validity of a contract of
life insurance, unless expressly made so by the terms of the

contract. It is true that in the opinion it is said that the question whether or not the company incurred liability before there had been a delivery of the policy to the applicant was one of intention, and was to be determined from the facts and circumstances in the case. In that case the decision in favor of the plaintiff for the amount of the policy was put upon the ground that the company had issued the policy and transmitted it to its agent to be delivered to the insured unconditionally, the first premium thereon having been paid and a receipt therefor issued to the applicant at the time his application was filed, and forwarded by the agent to the home office of the company in New York.

That is not the case before us. The policy was not issued by the company and sent to its agent at Norfolk to be unconditionally delivered to Oliver, and, in the absence of proof that the company was not acting in good faith when it withheld the policy to investigate whether or not a material warranty given in the application for it was false, there was not and could not have been any binding contract upon the company upon which the beneficiary named therein could recover in this action.

We are of opinion that the judgment complained should be affirmed.

*Affirmed.*