IRA S. WILSON, Plaintiff and Appellee, v. INTERSTATE BUSINESS MEN'S ACCIDENT ASS'N., Defendant and Appellant.

Mutual insurance: CONTRACT: CONDITIONS PRECEDENT. Where the con-
1    tract of insurance of a mutual benefit association, as embodied in its articles of incorporation and by-laws that are made a part of the contract, provides that upon acceptance of the application the association will issue a certificate of membership, which shall be effective only from the date of its delivery, and while the member is in good health and free from disability, the certificate is not operative until the date of its delivery, although previously issued; and the insured cannot recover for injuries received prior to that date, in the absence of fraud or some legal reason for avoiding that provision of the contract.

Same: WAIVER OF CONDITIONS. The provisions of an insurance contract
2    that it shall not become effective until delivery to the insured, and while in good health and free from disability, may be waived by the company for whose benefit they are made; but such provisions are not waived by delivery at a time when the insured was laboring under disability, which fact was concealed from the company.

*Appeal from Polk District Court.*—HON. JAMES P. HEWITT, Judge.

THURSDAY, APRIL 10, 1913.

ACTION to recover on an accident policy.—*Reversed.*

*Dunshee & Haines,* for appellant.

*McLaughlin & Shankland,* for appellee.

GAYNOR, J.—On the 24th day of October, 1911, the plaintiff filed his petition in the district court of Polk county, claiming, among other things, that the defendant is a mutual benefit association incorporated under the laws of this state; that on the 9th day of July, 1910, the plaintiff made an application for membership in said association at its home office; that he paid a membership fee of $4 as required by the association; that on the 16th day of July, 1910, his application was accepted, and the plaintiff received in said association as a member thereof, and was such member at the time of the accident, hereinafter complained of; that on the 23d day of July, 1910, defendant executed and delivered to plaintiff a certificate of membership; that on the 17th day of July, 1910, the plaintiff received an injury while alighting from a street car at Dunkirk, N. Y.; that by reason of said injury so received he was confined to his bed for a period of ten weeks, commencing July 23, 1910; that he duly notified the defendant of said accident and injury; that defendant refused to pay plaintiff, according to the terms of the certificate, on account of said injury. The defendant for answer denies each and every allegation of plaintiff's claim; admits that it is a mutual benefit association as charged; admits that on the 9th day of July, 1910, plaintiff made application for membership in the said association, and paid the membership fee of $4; admits that the application was accepted by the application committee of the board of directors on the 16th day of July, 1910; admits that on the 23d day of July, 1910, defendant executed a certificate of membership to plaintiff.

In the second count of defendant's answer, defendant pleads as defense to the plaintiff's right of recovery: That prior to the time plaintiff made application for membership it had adopted articles of incorporation which were duly approved by the Auditor of State and Attorney General, and duly filed and recorded as required by law. That in pursuance of the articles of incorporation it had adopted by-laws fixing the terms, conditions, and limitations upon,

and under which, benefits and indemnity should be paid. That the following appears in the articles of incorporation so adopted and approved: "Any person desiring to become a member of this association shall submit a written application for membership, and accompany the same with a deposit of four dollars as membership fee. If the application is accepted by the board of directors, or a committee thereof appointed to pass on applications, a certificate of membership shall be issued to him, and from the date of delivery thereof to such person, while in good general health and free from disability, he shall be entitled to all the rights, privileges and benefits of membership so long as he shall fully comply with all the provisions of the Articles of Incorporation and the by-laws of the association." The same was in force and effect at the time of the application, and at the time plaintiff received the injuries complained of. That at the same time there was in force and effect the following by-laws: "The contract between the association and its members shall consist of the articles of incorporation, by-laws and the application," which was also in force and effect at the time hereinbefore mentioned. That there was contained in the written application presented by the plaintiff to the association for membership the following agreement: "I hereby agree that I will accept the certificate of membership which may be issued to me, subject to all the provisions, conditions, and limitations contained in the articles of incorporation and by-laws of said association, as the same now are, or as they may be legally amended and changed, and I agree to comply with the provisions thereof." That the certificate of membership was not issued on the application until the 23d day of July, 1910, and was not delivered to the plaintiff until long after that date. That by reason of the provisions in the article above the rights and benefits of membership should not accrue until the certificate was issued and delivered to the member while in good general health and free from disability, and that, therefore, the plaintiff cannot

recover for any injuries prior to the date of the issuance and delivery of the certificate.

In the third count of defendant's answer it alleges the same matters alleged in count two touching the articles of incorporation and by-laws, and that the same were in force and effect at the time the plaintiff made his application, and at the time he claims to have met with the accident, and further alleges that at the time plaintiff made his application for membership, and even since that date the following by-laws were in force: "If a member in making his application for membership or reinstatement shall be guilty of false statement, concealment or fraud with reference to any material fact, the certificate of membership shall be deemed to have been issued by mistake, and no liability shall ever arise against the association by reason of the issuance thereof. All payments made by the person holding such certificate for every purpose, prior to the discovery of his false statement, concealment or fraud shall be forfeited to the association. If any person shall accept a certificate of membership, while suffering from sickness, or suffering from disability caused by accident, he shall be guilty of false statement, concealment, and fraud within the provisions of this section." That the plaintiff accepted the certificate issued on the 23d day of July, 1910, on the 2d day of August, 1910. That at the time he received the certificate he was suffering from disability, as alleged in his petition, and that he was guilty of false statement, concealment, or fraud within the terms of the aforesaid by-laws, and that by reason of that fact the certificate did not become, and was not, a valid certificate, and no liability arose by reason of the issuance thereof. That by reason of the facts above set out plaintiff is not entitled to maintain this action. That thereafter on the 22d day of June, 1912, the plaintiff filed a demurrer to the second and third counts of defendant's answer, which demurrer was by the court sustained; said demurrer being in words and figures following:

Comes now the plaintiff herein and demurs to counts 2 and 3 of defendant's answer for the reason that the facts stated in said counts 2 and 3 are not sufficient to constitute a defense in the following particulars:

(1)  As admitted by defendant's answer, plaintiff's application for membership in the said association was filed on July 9, 1910, and that the $4 membership fee accompanied the said application and that the said application was approved on July 16, 1910.  In the amendments to the by-laws marked 'Exhibit C' and made a part of defendant's answer, it will be observed that article 1, section 1, thereof provides as follows:  ·

'When a person is accepted as a member of this association, the secretary-treasurer shall at once issue to him a certificate of membership, under the seal of the corporation, which must be countersigned by the president and secretary-treasurer.  The form of the certificate shall be determined by the board of directors, but a synopsis of the provisions of the articles of incorporation relative to the payment of benefits and indemnity, and of the by-laws relative to notice, proofs of injury and disability and limitation of risk, shall be printed thereon and a copy of the application must be set out therein.' That it is shown by the said by-laws that it was the duty of defendant to at once issue a certificate of membership upon the approval of the application, and that the said answer upon its face shows that the said certificate of membership was not issued until July 23, 1910.

(2) That plaintiff's cause of action is founded upon a contract for accident insurance.  That, if a certificate of membership had been issued by defendant pursuant to the by-laws of said association, there could be no contention as to the liability of said defendant in case of an accident.  That the application for insurance in the said association was received by the defendant association on July, 1910, and that the membership fee of $4 accompanied the said application, was approved on July 16, 1910, and that the certificate or evidence of membership was not issued until July 23, 1910.  That the failure to at once issue the said certificate of membership as provided by the by-laws of said association was the gross negligent act of defendant.

(3) That said counts 2 and 3 of defendant's answer show that defendant is relying upon the by-laws marked 'Exhibit

C' and made a part of defendant's answer as a defense to plaintiff's cause of action, and that said pleadings show that defendant has failed to comply with the duty imposed upon it by the said by-laws, and especially by section 1, art. 1, of the amendments to said by-laws, in that the defendant association failed to at once issue to plaintiff a certificate of membership as shown by the pleadings filed in said cause, and that said failure to issue and deliver said certificate of membership was the act of defendant association and its act alone.

From the ruling of the court sustaining the demurrer to counts 2 and 3 in defendant's answer defendant appeals to this court.

Upon an examination of this record we are satisfied that the court erred in sustaining plaintiff's demurrer to the second and third counts of defendant's answer for the following reasons:

(1)   When the plaintiff made his application for membership and in the application which he made, he agreed with the company that he would accept the certificate, subject to all the provisions, conditions, and limitations contained in the articles of incorporation and by-laws as they then existed.

(2)   That in section 1 of article 5 of the articles of incorporation, it is provided: That, if the application was accepted by the association, a certificate should be issued, which would entitle the member to all the rights, privileges, and benefits of membership *from the date of the delivery thereof,* while he was in good general health and free from disability.

(3)   It is provided in section 2, art. 1, of the by-laws, which, by the agreement, was made a part of the application, that if any person shall accept a certificate of membership while suffering from sickness, or suffering from disability caused by accident, he shall be guilty of false statement, concealment, or fraud within the provisions of this section, and no liability shall arise against the association by reason of the issuance thereof.

The contract then between the parties on which suit is brought, and upon which the minds of the parties met, is this: If we accept your application for membership, we will issue you a certificate of membership which shall not be effectual until after it is delivered to you, or which shall be effectual from the date of its delivery to you, while you are in good health and free from disability. The parties have a right to make such a contract, as is made here, and they have a right to agree when the contract shall become effectual and binding upon the parties. They have a right to attach conditions upon the existence or nonexistence of which the contract will, or will not, become binding upon the parties. It presents a situation something like this: A. and B. enter into a contract. All the terms of the contract are agreed upon, but at the time of the entering into the contract they stipulate and agree that this contract shall not become effectual or binding upon either party until the same is reduced to writing and duly acknowledged by both parties. That is a condition precedent to its taking effect, and neither party could enforce the contract against the other, until such condition was performed, in the absence of fraud or bad faith or some other legal reason which would void the effect of the contract so entered into. In the case of *Lorscher v. Supreme Lodge Knights of Honor,* 72 Mich. 316 (40 N. W. 545, 2 L. R. A. 206), a case relied upon by the plaintiff, we find a section of its by-laws reading like this: "On receipt of the application and fee, the Supreme Reporters shall enter the name, age, occupation, date of taking the degree, amount of one assessment, and such other facts as may be deemed necessary, upon a register, the roll of each lodge to be kept by itself and indexed. He shall number and file the applications in his office and return to the reporter of the subordinate lodge, a benefit certificate, signed by the Supreme Dictator and himself under the seal of the Supreme Lodge, and made payable as the member shall have directed in his

1. MUTUAL INSURANCE: contract: conditions precedent.

application, and the subordinate lodge shall enter on record the number thereof, and in case of a loss of certificate, a new one shall issue." It appears that everything had been done in this case, except the delivery of the certificate, which was withheld on account of the claim on the part of the company that false representations had been made in the application. The court, in speaking of the constitution and by-laws, hereinbefore set out, said: "It will be noticed that the provisions of neither of these sections made a compliance therewith necessary to the carrying into effect of the provisions of the contract contained in the application. They are not conditions precedent, and form no part of the applicant's contract." Here we have an entirely different proposition. The sections of the articles of incorporation and by-laws make a compliance therewith necessary to the carrying into effect of the provisions contained in the application. They are conditions precedent and form a part of the applicant's contract. Referring to 25 Cyc. page 709, under the head of Life Insurance, we find the following: "The delivery may be on condition that something further be done by the insured before the taking effect of the policy, and until such condition is performed the delivery is not effectual to complete the contract. The rule applies, for example, where the policy is delivered on condition it shall not be effectual until the first premium is paid. It is a usual condition of a life insurance policy that the delivery shall not be effectual to create a binding contract unless the insured is alive and in good health when the policy is delivered and this is true, even in the absence of such condition, if the policy is not to take effect until delivered. So, also, under such a condition, the policy does not become effectual unless there is a waiver, if the assured is in ill health at the time of its delivery."

These provisions, however, may be waived by the company, they being made for the company's benefit, and it has

been held that such a condition is not waived by delivery of
the policy, if, at the time, the assured is in
ill health and that fact is concealed, and the
company is ignorant thereof, and in some cases it is held
this is true whether there is any fraud or not.

2. SAME: waiver of conditions.

In support of the above propositions, see the case of
*Summers v. Mutual Life Ins. Co.,* 12 Wyo. 369 (75 Pac.
937, 66 L. R. A. 812, 109 Am. St. Rep. 992), in which it is
said:

The great weight of authority sustains the proposition
upon which counsel are agreed that an oral contract of insur-
ance may be valid; and, if completed by a meeting of the minds
of the parties, the company will be liable for loss occurring
before the issuance and delivery of the policy. That result
follows in case it is understood that the insurance is to date
from the oral agreement. But it is not unusual for applica-
tions for insurance, particularly life insurance, to provide that
the insurance shall not take effect until the delivery of the
policy; and in such cases it is reasonably held that no risk is
assumed until such delivery. Where acceptance or delivery
is necessary to put the insurance into effect, there will, of
course, be no risk until the things precedent agreed upon shall
happen. The rule is not, therefore, that every contract for
insurance will authorize recovery in case of loss, in absence of
a policy, independent of other agreements or conditions. The
agreement itself or the application may show that the contract
was not one for present insurance, but for insurance to take
effect in the future, depending upon some condition, such as
the acceptance of the application, or delivery of the policy.
In general the principle is well settled that, where the parties
to a contract intend that it shall be closed and consummated
prior to the formal signing of a written draft, the terms hav-
ing been mutually understood and agreed upon, the parties will
be bound by the contract actually made, although it be not
reduced to writing; but, on the other hand, if the parties do
not intend to close the contract until it shall be fully expressed
in a written instrument, properly attested, there will be no
completed contract until the agreement shall be put in writing.

There are many other cases supporting this proposition, and making application of it to insurance contracts, and we consider it a sound doctrine and applicable to the instant case. This doctrine also finds support in our own court. See *De Sonora v. Casualty Co.*, 124 Iowa, 576; *Hawley v. Insurance Co.*, 92 Iowa, 593; *Cooksey v. Mutual Life Ins. Co.*, 73 Ark. 117 (83 S. W. 317, 108 Am. St. Rep. 26). In all cases cited by appellee in support of the ruling of the court, wherein it is held that the acceptance of an application for insurance by the insurer completes the contract and creates liability, there was no agreement or stipulation to the effect, as in this case, that the agreement for insurance should not be effectual until the policy was issued, and are therefore not controlling upon the issues tendered here. It will be noticed in this case that the plaintiff pleads no waiver or estoppel as against the defendant, and in no way seeks to avoid these plain conditions of his contractual relationship with the company. In the absence of any showing on the part of the plaintiff of waiver on the part of the defendant of these conditions of the contract, and in the absence of any allegation and proof which would work an estoppel on defendant to insist upon them, we find no reason, at least there is none apparent to us, why plaintiff should be permitted to insist upon and enforce some of the provisions of the contract favorable to his cause, and ignore those which work against him.

Upon the whole record, we think the court erred in sustaining plaintiff's demurrer to the second and third counts of defendant's answer, and the cause is therefore *Reversed*.