MARY HRUSKA et al., Appellees, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

**INSURANCE: Life Insurance—Policy—Non-delivery Because of Death.** A life insurance policy which, pursuant to an application, is promptly prepared (prior to the death of the insured), and delivered to the agent of the insurer, who forthwith returned the policy to the insurer because the insured was then dead, cannot be deemed in effect when the application distinctly provided that *no obligation* should exist against the insurer until the policy was delivered to·the insured.

Headnote 1: 32 C. J. p. 1127; 37 C. J. p. 401.

Headnote 1: 17 L. R. A. (N. S.) 1146; L. R. A. 1916F, 173; 14 R. C. L. 897.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

JANUARY 11, 1927.

REHEARING DENIED JULY 1, 1927.

Action on life insurance contract. Judgment for plaintiff, and defendant appeals.—*Reversed.*

*Trewin, Simmons & Trewin,* for appellant.

*R. N. Klass* and *George C. Gorman,* for appellees.

FAVILLE, J.—I. On February 6, 1923, the appellee's intestate made written application through an agent at Cedar Rapids for industrial insurance in appellant company. The written application contained the following·provision:

"I further agree that no obligation shall exist against said company on account of this application, although I may have paid premiums thereon, unless said company shall issue a policy in pursuance thereof, and the same is delivered to me."

The application was forwarded by the agent to the appel-

lant. The agent collected from the applicant seventy cents, being two weeks' premium. The application was received at the home office of the appellant, at Newark, New Jersey, on or about Saturday, February 10, 1923. The evidence is to the effect that, "during the week commencing February 12th, 1923," the application was approved by the appellant, and a policy written which was dated February 12, 1923. The policy was not mailed from the home office until February 14, 1923, at which time it was forwarded to appellant's agent at Cedar Rapids. The policy was received by the local agent at Cedar Rapids on February 16, 1923. Appellee's intestate died on February 13, 1923. The policy contained the following provision:

"This policy shall not take effect if the insured die before the date hereof or if on such date the insured be not in sound health, but in either event, the premium paid hereon, if any, shall be returned."

The local agent was under instructions from the home office of the appellant, which, among other things, provided:

"Before delivering a policy the agent must ascertain whether the insured is in good health. If the health of the insured be poor or habits questionable, the agent must not, on any account, deliver the policy, but must return it immediately to the home office, with full information."

The local agent returned the policy to the home office promptly. Officers of appellant subsequently tendered payment of the seventy-cents premium to the appellee.

Appellant moved for a directed verdict upon this record. The motion was overruled.

The question is whether or not the policy ever went into effect and became binding upon the appellant. The application of the intestate was in the nature of an "offer" to the appellant to procure from it a policy of insurance. *Beyer v. Central Life Ins. Co.*, 199 Iowa 245; *State Ins. Co. v. Lock*, 191 Iowa 1083. This offer contained certain express and definite terms. One of these was that:

"No obligation shall exist against said company on account of this application * * * unless said company shall issue a policy in pursuance thereof and the same is delivered to me."

The appellant accepted this offer,—none other. Assuming that it was accepted by appellant during the lifetime of the ap-

plicant, and became a contract between the parties, then it was a contract which bound appellant to issue its policy of insurance under a mutual agreement that said policy should not become the "obligation" of the appellant until it was delivered to the applicant. Such a contract is not against public policy, and competent parties could rightfully enter into it. The acceptance or approval of the application by the appellant did not, under the terms of the application itself, make the policy operative or effective at the instant of such acceptance. The intestate by the very terms of his application agreed that "no obligation" should exist under the policy applied for until the policy was delivered to him. The appellant accepted the application upon *these* terms. It was an important and integral part of the contract under which the policy was to be issued.

It is not a case where the application was silent as to the matter of delivery, and the due posting of the policy might be decreed a legal delivery. See *State Ins. Co. v. Lock,* 191 Iowa 1083.

In this case the applicant bound himself specifically that "no obligation" should exist under the policy sought unless such policy was delivered to the applicant. It was an application with this specific provision regarding the delivery of the policy, that appellant accepted. The parties had a perfect right to make a contract for a policy of life insurance and to provide that the policy referred to should not be effective until the happening of an event, to wit, the delivery of such policy to the applicant. Appellee argues that, when the appellant accepted the application of the intestate, at that moment a contract was made between the parties. Let this be conceded. The "contract" provided, however, that the thing about which the parties were contracting, to wit, the policy of insurance, should not itself become a binding obligation between the parties until it was in fact delivered. This contract must be upheld.

We had a somewhat similar situation before us in *Wilson v. Interstate Bus. Men's Acc. Assn.,* 160 Iowa 184, in which, speaking through Mr. Justice Gaynor, we said:

"The contract, then, between the parties on which suit is brought, and upon which the minds of the parties met, is this: 'If we accept your application for membership, we will issue you a certificate of membership which shall not be effectual until

after it is delivered to you, or which shall be effectual from the date of its delivery to you, while you are in good health and free from disability.' The parties have a right to make such a contract as is made here, and they have a right to agree when the contract shall become effectual and binding upon the parties. They have a right to attach conditions upon the existence or non-existence of which the contract will, or will not, become binding upon the parties. It presents a situation something like this: A and B enter into a contract. All the terms of the contract are agreed upon, but, at the time of the entering into the contract, they stipulate and agree that this contract shall not become effectual or binding upon either party until the same is reduced to writing and duly acknowledged by both parties. That is a condition precedent to its taking effect, and neither party could enforce the contract against the other until such condition was performed, in the absence of fraud or bad faith or some other legal reason which would void the effect of the contract so entered into.''

In the opinion in the *Wilson* case, we quoted from *Summers v. Mutual Life Ins. Co.*, 12 Wyo. 369 (75 Pac. 937), as follows:

"But it is not unusual for applications for insurance, particularly life insurance, to provide that the insurance shall not take effect until the delivery of the policy; and in such cases it is reasonably held that no risk is assumed until such delivery * * * Where acceptance or delivery is necessary to put the insurance into effect, there will, of course, be no risk until the things precedent agreed upon shall happen.''

In *Reynolds v. Northwestern Mut. Life Ins. Co.*, 189 Iowa 76, a clause in the application provided:

" 'It is understood and agreed (1) that if the amount of the premium on the insurance herein applied for is not paid at the time of making this application there shall be no liability on the part of the said company under this application unless nor until a policy shall be issued and delivered to me and the first premium thereon actually paid during my lifetime * * *.' ''

Regarding this provision we said:

"Clearly, the first clause of the contract relieves the company from liability until a policy has been issued, delivered, and the premium paid.''

Such is the general rule of the authorities. 32 Corpus Juris 1127, and many cases cited.

II.  Conceding, as we must, under the provisions of the application, that delivery of the policy was a prerequisite to its becoming effective, we then meet the question as to whether or not the policy was delivered to appellee's intestate.  Appellee places great reliance upon the case of *Unterharnscheidt v. Missouri St. Life Ins. Co.,* 160 Iowa 223.  In that case the application for insurance contained the following provision:

" (7)  That the insurance hereby applied for shall not take effect unless the premium is paid and the policy delivered to and accepted by me during my lifetime and good health, and that then the first policy year shall end on such date as may be fixed by the company in the policy."

In said case the application was accepted by the insurance company, and a policy duly issued and sent to the agent of the company for delivery to the applicant.  This letter was dated July 19, 1910.  The agent left the city where he was living on July 15, 1910, and did not return until August 7, 1910.  He left no one in charge of his business during his absence.  The letter inclosing the policy was delivered at his office not later than July 20, 1910, and remained there unopened until his return.  In the meantime, the insured died, on August 2, 1910.  In discussing the question of delivery we said:

"It is next argued that the delivery of the policy to the company's agent is not a delivery to the insured person.  It is quite obvious that this may or may not be true, according to the circumstances under which the policy is placed in the agent's hands.  If the premium is paid when the application is presented, and such application is approved and policy executed as of that date, and nothing remains but to deliver the paper to the insured, it may well be held that the sending of it to the agent to be by him given over to such insured person constitutes a sufficient delivery in law.  To say the least, the neglect or omission of the agent, under such circumstances, to perform the manual act of placing the policy in the hands of the insured will not serve to suspend or postpone the obligation of the company upon its contract.  In other words, delivery in law is not necessarily manual delivery. * * * [Citing cases.]  These and many other cases emphasize the proposition that legal delivery is very fre-

quently accomplished without an actual transfer of manual possession."

It is to be noticed that in that case the policy had been issued during the lifetime of the insured, and had been sent to the agent of the company for delivery to the insured. The fact of the absence of the agent from the city, with no one to open his mail, was the *only* thing that prevented actual *manual* delivery to the insured. We held that there was legal delivery, although the misfortune or casualty of the agent's absence had prevented actual manual delivery.

The facts clearly distinguish the case from the one at bar. In the case at bar, there *could* never have been any delivery of the policy to the applicant at any time after its execution. There is no claim of undue delay in the issuance or forwarding of the policy. It was a physical impossibility for the appellant to have delivered the policy to the applicant under the circumstances shown. Not so in the *Unterharnscheidt* case.

We reach the conclusion that there was no delivery of the policy to the applicant, and hence that, under the terms of the application, the policy never became effective. As bearing on the question see *Bowen v. Prudential Ins. Co.,* 178 Mich. 63 (144 N. W. 543) ; *National Life Assn. v. Speer,* 111 Ark. 173 (163 S. W. 1188) ; *Neff v. Metropolitan Life Ins. Co.,* 39 Ind. App. 250 (73 N. E. 1041) ; *Yount v. Prudential Life Ins. Co.* (Mo. App.), 179 S. W. 749; *Paine v. Pacific Mut. Life Ins. Co.,* 2 C. C. A. 459 (51 Fed. 689) ; *Clark v. Mutual Life Ins. Co.,* 129 Ga. 571 (59 S. E. 283) ; *Hills' Admr. v. Penn Mut. Life Ins. Co.,* 28 Ky. L. Rep. 790, 90 S. W. 544; *Oliver v. Mutual Life Ins. Co.,* 97 Va. 134 (33 S. E. 536).

It follows that the trial court erred in not sustaining appellant's motion for a directed verdict. Other matters argued do not require consideration.

The judgment must be—*Reversed.*

EVANS, C. J., and STEVENS, DE GRAFF, and VERMILION, JJ., concur.