ERNEST C. RANGE et al., Appellants, v. MUTUAL LIFE INSURANCE COMPANY of New York, Appellee.

No. 41257.

JUNE 24, 1932.

OPINION ON REHEARING JUNE 20, 1933.

R. W. Cockshoot and Swan, Martin & Martin, for appellants.

Gamble, Read & Howland, for appellee.

ANDERSON, J.—Appellants' assignments of error, one, two, and four, do not comply with the Rule of this court, No. 30, but we will briefly notice such alleged errors in the course of this opinion. The only error properly assigned is No. 3, and involves the question of the admission of the testimony of a witness, alleged to be incompetent, under section 11257 of the Code.

The facts are not in dispute, but a brief statement thereof will be necessary to an understanding of our ruling on the questions presented.

The defendant is a life insurance company with its principal place of business in the state of New York. At the times involved in the present case it maintained a district office in the city of Des Moines, Iowa, and a local or soliciting agent at Atlantic, Iowa. Louie A. Range was a resident of Atlantic. On October 21, 1929, he made application for the policies of insurance here involved, to the defendant's agent, Harold A. Miller. He was examined by the local medical examiner of the defendant company, who found and certified that he was a fit subject for insurance. The application, together with the medical examiner's report and certificate, was forwarded through the Des Moines district office to the home office of the defendant company in New York. The application was accepted, and pursuant thereto the policies in suit were executed on the 29th or 30th of October, 1929, being dated, however, October 20, 1929. They were mailed from the home office to the Des Moines office of the defendant company, and arrived in Des Moines on November 2, 1929. They were then mailed by the Des Moines office to the agent, Miller, and reached Atlantic on Sunday, November 3, 1929. Miller was not at home on November 3, and did

not obtain the policies from the post office until 8 o'clock a. m., November 4, 1929. Soon after Miller received the policies he went to the place of business of Louie A Range, the insured, for the purpose of delivering the policies. He then learned that the insured had sustained serious bodily injuries on the evening of the preceding day. He did not deliver the policies and they were later returned by him to the Des Moines office of the defendant. It was stipulated during the trial that the policies were at all times in the manual possession of the defendant company. The beneficiaries named in the policies were Ernest C. and Emma Range, parents of the insured. On the evening of November 4, 1929, Ernest C. Range, father of the insured, and one of the beneficiaries named, called the agent, Miller, and offered to pay the premiums due upon the policies, but such offer was refused by the said agent. There is a clear implication in plaintiff's petition and a plain inference to be adduced from the record that the premiums were never paid. The answer of the defendant company expressly denied the payment of the premium, and such denial is not controverted in any way, either by the pleadings or the record.

The application upon which the policies were issued contained the following provision:

"The proposed policy shall not take effect unless and until delivered to and received by the insured, the beneficiary or by the person who herein agrees to pay the premiums, during the insured's continuance in good health and until the first premium shall have been paid during the insured's continuance in good health; except in case a conditional receipt shall have been issued as hereinafter provided."

There is no claim that a conditional receipt was issued, and there is no evidence to support such a claim, if made.

The record shows that Louie A. Range, the insured, was injured in an accident in Council Bluffs, Iowa, about 9 o'clock, on the evening of Sunday, November 3, 1929, and that such injuries resulted in his death on November 7, 1929. The trial court included in its findings the foregoing facts and entered judgment dismissing plaintiff's petition. From such ruling the plaintiffs-appellants prosecute this appeal.

The main contention of appellants, and the only one properly assigned as error, is that the court erred in permitting the witness,

H. A. Miller, to testify that the premiums due under the policies in suit were not paid to him. We will notice this alleged error later, and will briefly discuss at this time other questions raised by appellants.

The appellants contend that the defendant is estopped from claiming any rights by reason of the change of health of the insured after the medical examination, and that such contention is sustained by the provisions of section 8770 of the 1931 Code; and appellants cite Unterharnscheidt v. Insurance Company, 160 Iowa 223, 138 N. W. 459, 45 L. R. A. (N. S.) 743, as sustaining this contention. Neither the statute nor the cited case support appellant's contention. In the cited case the premiums had been paid; and when the policy was received by the soliciting agent for delivery, the insured was in good health and remained in good health for several days thereafter. The facts are not at all comparable with the facts in the case at bar, and we distinguished that case in the later case of Hruska v. Prudential Insurance Company, 203 Iowa 1165, 211 N. W. 858, 859, and also in Mickel v. Mutual Life Ins. Company, 204 Iowa 1266, 213 N. W. 765. In the Hruska Case we held that where the application contained an agreement that no obligation should exist under the policy applied for, until the policy was actually delivered, that such provision was an important and integral part of the contract under which the policy was issued; and that the parties had a perfect right to make such a contract and to provide that the policy should not be effective until the happening of an event, in that case the delivery of the policy; and that such contract must be upheld. In that case we quoted from Wilson v. Interstate Business Men's Acc. Assn., 160 Iowa 184, 140 N .W. 860, as follows:

"The contract then between the parties on which suit is brought, and upon which the minds of the parties met, is this: If we accept your application for membership, we will issue you a certificate of membership which shall not be effectual until after it is delivered to you, or which shall be effectual from the date of its delivery to you, while you are in good health and free from disability."

We held in the Mickel Case, 204 Iowa 1266, 213 N. W. 765, 768, that:

"It follows from what we have already said that an insurance company has a right to contract with an applicant that the policy

shall not go into effect until delivery thereof to such applicant while he is in good health, but such provision is for the sole benefit of the insurer and gives to it the option to refuse to deliver the policy to the applicant, if he is not at the time in good health. In other words, the insurer has the option of withholding the policy, in which event it would not go into effect, or of delivering it to the insured. If it accepts the latter alternative, the policy goes into effect at once, and the bar of the statute [section 8770] precludes the insurer from setting up the contract as a defense in an action thereon."

The foregoing is sufficient answer to the contention made by appellants.

In all of the cases cited by appellants as supporting their contention that the mailing of an insurance policy for delivery amounts to a legal delivery thereof, the premium had been paid, or the applications for policies did not contain a provision that the insured must be in good health at the time of the delivery of the policies. The policies in suit contained the provision to the effect that there would be no obligation upon the defendant company thereunder, unless and until the policies were delivered during the continuance in good health of the insured, and the first premium paid. These were conditions precedent, and until such conditions were met there could have been no liability under the policy.

The next contention of the appellants, and the only one here seriously urged, is that the court erred in permitting the witness, Harold A. Miller, to testify as to the non-payment of the premiums due on the policies, and the appellants insist that such testimony was inadmissible by reason of the provisions of section 11257 of the 1931 Code.

It must be noticed, in this connection, that there was an utter failure on the part of the plaintiffs to establish the payment of the first premiums, and, as we have said, this was a condition precedent to the taking effect of the policies. The burden was upon the appellants to establish the payment of premiums due. They utterly failed to meet that burden. It may be true that where life insurance policies containing recitals that the premiums have been paid, had been delivered, such recitals might be held conclusive or at least *prima facie* evidence, of payment, but we have no such situation in this record. We do not think that the witness, Miller, in this case is included in any of the prohibited classes under section

11257. The action was not prosecuted by or against any one in the prohibited class. The action was not brought by the plaintiffs as next of kin, assignee, legatee, devisee, survivor, or as a legal representative of the deceased; but brought by the beneficiaries named in the policies, upon the contract of insurance. Shuman v. Supreme Lodge, 110 Iowa 480, 81 N. W. 717.

 Aside from this, however, the introduction of the testimony of the claimed incompetent witness was not and could not have been prejudicial. The record, at that time, was silent as to the payment of the premiums. Proof of such payment rested upon the plaintiffs. They failed to meet it. Such payment was a condition precedent to the taking effect of the policies. On the other hand, it remains an undisputed fact that the policies were not delivered during the continuance of the good health of the insured. This was also a condition precedent; and a failure to meet either of these conditions would invalidate the policies.

It follows from what we have said that there was no error in denying recovery upon the policies in suit. The finding and judgment of the district court was correct, and an affirmance necessarily follows.—Affirmed.

KINDIG, C. J., and MITCHELL, KINTZINGER, and STEVENS, JJ., concur.