## WORMLEY v. HAMBURG ET AL.

1. **Evidence:** WHEN AN ADMINISTRATOR IS A PARTY. The interest which disqualifies a witness in an action against an administrator must be a present, certain and vested one. If the interest is of a doubtful nature, it goes to his credibility rather than his competency.

2. ————: USURY. The fact of usury cannot be established, under the Code, by the testimony of a party contracting to pay the unlawful interest, if he is otherwise disqualified.

3. ————: WHEN PROVISIONS OF THE CODE RESPECTING TOOK EFFECT. The provisions of the Code respecting evidence apply to actions tried since it took effect, although they were commenced before that time.

### *Appeal from Tama District Court.*

### SATURDAY, OCTOBER 24.

On the 31st of January, 1873, plaintiff filed his petition in substance alleging that November 26, 1870, one E. Park sold and conveyed a certain ten acres of land to S. C. Breese, plaintiff's intestate. That on December 30th, 1870, Breese and the defendant Malinda Hamburg, entered into a written contract whereby said Breese, agreed to convey said land to said Malinda, upon payment of $1,000.00, as follows: $200.00, April 1, 1871; $500.00, June 1, 1871; and $300.00, November 10, 1870, for which sums she executed her three several promissory notes, signed also by her husband, Henry Hamburg. That the notes have not been paid, and the whole amount thereof is due. The petition prays judgment for the amount of the notes, and a foreclosure of the contract.

On the 4th of February, 1873, plaintiff filed his other petition against the Hamburgs and one Samuel Coats, a judgment creditor, alleging in substance that on January 3, 1871, plaintiff's intestate S. C. Breese, entered into a written contract with Malinda Hamburg, whereby he sold and agreed to convey to her certain three acres of land, for the consideration of $2,000.00, payable as follows: November 10, 1871, $1,200.00; January 1, 1872, $200.00; April 1, 1872, $200.00; November 26, 1872, $400.00, with interest at the rate of ten per cent.

per annum after maturity. That the said sum is due and wholly unpaid. The petition prays judgment for the amount due, and a foreclosure of the contract. By agreement these two causes were consolidated.

In answer to the first petition defendants allege that Henry Hamburg was the principal in said notes, which were for a loan of $600.00 by said Breese to said Henry; that the land described in the petition was in fact the property of Henry Hamburg, and held by said Park in trust for said Hamburg, which was well known to Breese, and the deed from Park to Breese was made as security for said loan, and interest at the rate of one hundred and fifty per cent. that $600.00 represents the principal in said notes, and $400.00 the usury, and the contract was made for the purpose of avoiding the usury agreed to be paid. Defendants ask that the deed from Park to Breese be declared a mortgage, and that upon payment of the principal sum loaned without interest, the same be cancelled.

In answer to the second-petition defendants allege that on December 11, 1869, the premises described in said petition were sold at sheriff's sale, subject to redemption, to one Lewis Merchant, on execution issued on a judgment and decree of foreclosure against defendant Hamburg. That on November 9, 1870, and before the expiration of the period of redemption, by a corrupt agreement between said Breese and said Malinda Hamburg, Breese loaned her sufficient money to redeem said premises, to-wit: $1,485.80 at the rate of forty per cent. interest on the sum loaned. That to secure said loan and usury, and to cover up the usury, it was agreed by said Breese and this defendant, that the sheriff should execute a deed for said premises to said Merchant, and defendants, Malinda and Henry Hamburg, should also execute a quit claim deed for said premises to said Merchant, and that he should then execute a deed conveying said premises to said Breese, and said Breese should execute to said Malinda a contract for said premises, being the contract sued on, and said Malinda should execute to said Breese her four promissory notes and contract for $2,000.00, being the sum loaned as aforesaid, and the usury agreed to be paid therefor, payable as alleged in the petition. The answers

further allege the payment in full of the sums really loaned, and claim, by way of cross demand the sum of $1,468.42, with interest from August 29, 1872.

The cause was submitted to a jury, and was tried by the second method of trying equitable issues.

There was a verdict and a judgment for defendant. Plaintiff appeals. The further material facts are stated in the opinion.

*G. R. Struble*, for appellant.

*Stivers & Safely*, for appellees.

DAY, J.—I.   L. Merchant was introduced as a witness for the defendants, and, against the objections of plaintiff, was permitted to testify that he bought the land in second petition described at sheriff's sale, and that before the expiration of the period of redemption Breese proposed to loan money to redeem, provided witness would execute to him a warranty deed. That he had not then received a sheriff's deed, but that Hamburg and wife conveyed to him, and he conveyed to Breese, and Breese let Hamburg have between $1,480 and $1,490; and was to execute a bond for a deed to Hamburg's wife on condition that she or Hamburg would pay $2,000 in a year. E. Park was also introduced as a witness, who testified as follows: "Hamburg was owing a judgment on the saw mill, and before the stay run out Breese proposed to loan him the money to pay it off; the amount due was $600. I was to give Breese a deed for the land as security, the same as I had, and Hamburg was to give his note for $1,000, payable in two years. Under this contract, I made the deed to Breese, and he paid off the judgment, and Hamburg gave his notes for $1,000. The deed I gave Breese I think is in the recorder's office. At that time there was a written agreement as to what should be the effect of that deed."

It is claimed that these witnesses were both incompetent to testify to these facts against the administrator of Breese, under section 3639, of the Code, on the ground of interest. The position of appellant seems to be that these witnesses, because

of their covenants of warranty, are interested, in the first place, to establish that these conveyances are really mortgages, and, in the second place, to diminish as much as possible the amount secured, in order to lessen their ultimate liability, if the title should prove defective.

The objection to these witnesses is not tenable. The interest which disqualifies a witness must be a present, certain, and vested interest, and not an interest uncertain, remote, or contingent. The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him, in some other action. If the interest is of a doubtful nature, the objection goes to the credit of the witness, and not to his competency. For, being always presumed to be competent, the burden of proof is on the objecting party, to sustain his objection to the competency, and, if he fails satisfactorily to establish it, the witness is to be sworn. 1 Greenleaf on Evidence, § 390. This suit did not involve the title to the lands described. Whether the title was defective, and if so, whether the warrantors would ever be called upon to make it good, did not appear. The interest was at the most merely uncertain, remote and contingent. It was doubtful, and being doubtful, the disqualification does not satisfactorily appear.

*1. EVIDENCE: when an administrator is a party.*

II. The defendant, Henry Hamburg, was permitted, against plaintiff's objections, to testify as to the facts respecting the claim made in the first petition, that only $600 was loaned, and a note was executed for $1,000; that Parker executed a deed to Breese, and that the bond sought to be foreclosed was executed in pursuance of the arrangement for a loan. The defendant, Malinda Hamburg, against the same objections, was also permitted to testify that she borrowed of Breese between $1,400 and $1,500, for which she was to give $2,000 in payments within two years, and that the deed from Merchant and the bond to her were executed in pursuance of the arrangement. This testimony was incompetent. It is true section 1791, of the Revision, provides that "in all cases where the unlawful interest is not

*2. ———: usury.*

apparent on the contract or writing, the person contracting to pay the unlawful interest shall be a competent witness to prove that the contract is usurious." But at the time this action was had section 2080, of the Code, was in force, which omits entirely this provision respecting evidence. And although this section was enacted after the commencement of the suit, yet being a provision affecting the remedy merely, and not impairing the obligation of the contract, it applies to and governs the production of testimony at the trial. Cooley on Constitutional Limitations, page 367, and cases cited. Section 3639 of the Code is general in its exclusion of a party or person interested in the result of a suit, as a witness in regard to any personal transaction between such witness and a person at the time of testifying deceased, where the action is against the executor or administrator. The testimony above referred to falls within this inhibition, and was improperly admitted.

3. _____:
Code.

For the error in receiving the testimony of the Hamburgs, the judgment is

REVERSED.