UNIVERSITY OF CHICAGO V. HARRIS L. EMMERT, Adminis-
trator of the Etate of J. S. EMMERT, Deceased.
Appellant.

**Evidence:** AUTHORITY OF SIGNER FOR CORPORATION.   A contract
being assigned by an artificial person, it was competent, as show-
ing his authority, to prove the official position, with the assignor,
of the person who attached its name to the assignment.

**Construction of writings:** OPINION EVIDENCE.   The opinion of a wit-
ness as to the construction of a contract is incompetent.   This is
for the court.

**Transaction with Decedent:** EVIDENCE OF SECRETARY OF CLAIMANT.
In an action by an artificial person against a decedent's estate,
the secretary of plaintiff, not shown to have any interest in the
result, is not incompetent to testify to a personal transaction
with deceased, within Code, section 4604, prohibiting such testi-
mony by a party or one interested in the result.

**Defense to Subscription:** BURDEN OF PROOF.   A subscription paper
provided that the sums subscribed might be paid by notes.   *Held,*
in action on the subscription, that the burden of showing that
the notes had been executed and paid was on the subscriber.

**Claims Against Estate:** ARTIFICIAL PERSON: *Pleading*   Under Code,
section 3338, *et seq.*, requiring claims against an estate to be
entitled in the name of the claimant against the administrator of
the estate. as such, with the name of the estate, etc., the claimant
need not aver in what capacity—whether as a corporation, part-
nership, or person—it acted in presenting the claim, as is required
in ordinary actions by section 36:7, unless the pleading is assailed
by motion.

DENIAL OF CORPORATE CAPACITY.   Under Code, sections 3627, 3628,
requiring a denial of partnership or corporate capacity to
specifically allege the facts relied on, an averment of want of
legal capacity is insufficient.

*Appeal from  Linn  District  Court.*—HON. WILLIAM G.
THOMPSON, Judge.

SATURDAY, MAY 20, 1899.

THE plaintiff filed its claim, duly verified, February 11,
1897, for a balance of eight hundred dollars, due on sub-

scription, to which was attached the contract in words following:

"Chicago, Ill., June 20th, 1889.   Whereas, the American Baptist Education Society has undertaken to raise the full sum of one million dollars for the purpose of establishing a college in the city of Chicago, Illinois; and whereas, John D. Rockefeller, of the city of New York, has subscribed six hundred thousand dollars of said sum, upon condition, among others, that the whole amount of said one million dollars is subscribed:  Now, therefore, in consideration of the premises, and each and every subscription to said object, we, the undersigned, agree to pay to the American Baptist Education Society, for the purpose aforesaid, and upon the condition that the full sum of one million dollars is subscribed therefor, the sums set opposite our respective names, on the first day of June, 1890: provided that each subscriber may pay five (5) per cent. of his subscription in cash on the first day of June, 1890, and the balance as follows, five (5) per cent. of said subscription every ninety days; or ten (10) per cent. of said subscription in cash June 1, 1890, and the balance as follows, ten (10) per cent. every six months, or twenty (20) per cent. of said subscription in cash June 1, 1890, and the balance as follows, twenty (20) per cent. yearly.   Said deferred payments to be evidenced by promissory notes, and to draw interest from June 1st, 1890, at the rate of six per cent. per annum.

| Names. | Addresses. | Am'ts. | Remarks. |
|---|---|---|---|
| John S. Emmert. | 833 West Monroe St. | $1,000." | |

—And also an assignment to the plaintiff signed "American Baptist Education Society, Chicago, August 15th, 1891, by Nelson E. Blake."   The answer was a general denial, with a specific denial of signatures; a denial of plaintiff's capacity to sue, also of the legal right of the American Baptist Education Society to solicit and receive or assign subscriptions; and an averment that it was neither a person, partnership, nor corporation, and that recovery could not be had, because

of the omission to execute the promissory notes. All the answer, save the general denial and that putting in issue the genuineness of signatures, was stricken on motion. When the evidence had been introduced, on motion, verdict was directed for the .plaintiff. From a judgment thereon the administrator appeals.—*Affirmed.*

*Charles W. Kepler* for appellant.

*Preston & Moffit* for appellee.

LADD, J.—In the claim filed, the appellee did not aver in what capacity it acted in presenting its claim against the estate of deceased. The appellant insists that, because of this omission, no evidence could properly be received. That such an averment is essential in a petition in an ordinary action has been held by this court, and is required by statute (Code, section 3627). *Sweet v. Ervin,* 54 Iowa, 101; *Byington v. River Co.,* 11 Iowa, 502. In *Bremer County v. Curtis,* 54 Iowa, 72, it was said that the claim stands in place of a petition, as the statement of the cause of action. But the manner of pleading in probate is governed by section 3338 of the Code and the sections following, which require that claims must be entitled in the name of the claimant against the executor or administrator of the estate as such, with the name of the estate, and must be clearly stated and verified, and, if based on a written instrument, a copy of it, with all indorsements, must be set out, and, when not expressly admitted, shall be deemed denied, though specific defenses must be pleaded. These statutes are evidently intended to cover all necessarily to be included in the statement of a claim. No petition is required, and if the sections referred to are complied with substantially, when not assailed, the pleading will be deemed sufficient. Woerner Administration, section 389. See *Crosby v. McWillie,* 11 Tex. 94, and *In re Swain,* 67 Cal. 637, 641 (8 Pac. Rep. 497). Undoubtedly the claimant, on motion, might be compelled to state the particular capacity in which suit is brought. But if this is

not done, and that issue is made by answer, there is no reason why he should not comply with the ordinary rules of pleading. The section requiring a special defense to be pleaded prescribes no method to be pursued, and parties are relegated to the rules approved in civil actions. Code, section 3340. By sections 3627 and 3628 of the Code, denial of partnership or corporate capacity is made a special defense, and can only be set out by specifically alleging the facts relied on. That the American Baptist Education Society was not a natural person appeared from its name. If it was not a partnership or corporation, a general denial did not raise that issue, for in such event the facts relied on must be specifically stated. The averment of want of capacity or of legal capacity was a mere legal conclusion. It follows that there was no error in receiving the evidence, or in striking portions of the answer.

II. Thomas W. Goodspeed, called as a witness, testified that he was secretary of the plaintiff, solicited the subscription of the deceased, and saw him attach his signature thereto. It is insisted that this evidence should have been excluded, under section 4604 of the Code. While it appeared that the witness was secretary of the plaintiff, it did not show that he had the slightest interest in the result of the suit. 1 Greenleaf Evidence, section 333. The witness was presumed competent, and, there being no showing to the contrary, the objection was correctly overruled. *Muir v. Miller*, 82 Iowa, 706; *Zerbe v. Reigart*, 42 Iowa, 231; *Birge v. Rhinehart*, 36 Iowa, 371; *Wormley v. Hamburg*, 40 Iowa, 25.

III. Certain questions were asked Goodspeed, on cross-examination, calling for his interpretation of the subscription paper. It is needless to say that it was the province of the court to construe the contract. The signature having been proven, a consideration was presumed. *First M. E. Church v. Donnell*, 95 Iowa, 494. The execution of the notes provided in the subscription was optional, and, if the deceased had satisfied and discharged

his contract in that way, the burden was upon the adminis-trator so to prove. Code, section 3340.

IV. The witness Goodspeed was also asked what position Nelson Blake held in the American Baptist Educational Society. This was objected to as irrelevant and foreign to any issue in the case. As Blake attached the name of the society to the assignment, this evidence had a tendency to show Blake's authority in so doing. It was therefore admissible. But there was no denial in the answer of the genuinness of the signature to the assignment, or that it was authorized. It appeared to have been signed by the American Baptist Educational Society, and whether in fact so signed was not made an issue in the case. *Bank v. Martin,* 82 Iowa, 442. The conditions of the subscription have been fully complied with by the society, and we can discover no reason why the balance due should not be paid.— AFFIRMED.