**George F. SISSON and Dale Fraser, Appellants,**

v.

**Arthur H. JOHNSON, Administrator of the Estate of B. P. St. John, Deceased, Appellee.**

**Dale FRASER, Gunvald Sande, and George F. Sisson, Appellants,**

v.

**Arthur H. JOHNSON, Administrator of the Estate of B. P. St. John, Deceased, Appellee.**

**Nos. 54479, 54481.**

Supreme Court of Iowa.

June 17, 1971.

Baker, Miller & Baker, Humboldt, for appellants.

Johnson, Burnquist & Erb, Fort Dodge, for appellee.

BECKER, Justice.

The issues in the two captioned cases are identical. They are therefore decided in one opinion. In each case the petitioning parties are claimants in the estate of B. P. St. John, deceased. In each case claimants were held to have failed to meet their burden of proof and the claim was disallowed. Each set of claimants appeals on the same assignment of error and raises the same narrow issue. Hereafter the term claimants shall refer to all claimants in both actions.

All parties agree on the statement of the case which is stated by claimants in No. 14–54479:

"This case involves a claim in probate. Claimants allege that the estate owes them $11,800.00, plus interest, for money loaned and advanced by the claim-

ants to the decedent. The sole issue in this appeal is whether certain witnesses testimony is rendered inadmissible by reason of the 'Dead Man's Statute', Section 622.4 of the 1966 Code of Iowa."

No. 54481 is substantially the same except as to amount, $42,900, and the claim plaintiffs borrowed the money in order to loan it to decedent.[1]

The claims sought to be established are that claimants loaned money to the deceased. The evidence indicates that at least part of the money went into the Humboldt Cornbelt Livestock Exchange, Inc. Deceased promised to repay the money and to indemnify those claimants who borrowed money to make the loan. The two alleged loans were handled in separate transactions. Because of the narrow issue involved further detail is unnecessary.

In each case claimants offered testimony from other claimant-creditors, not directly connected with the two claimed loans, which would tend to prove the claims asserted in the instant actions. Joe Dodgen had filed a claim in the estate on behalf of himself. In addition he is Chairman of the Board and principal stockholder of The First National Bank in Humboldt, Iowa, which also filed a claim in the estate. Harold Knight is a stockholder and a director of the same bank and has contingent liability to the estate as a director of the bank. Donald Wayne Christensen is Assistant Cashier of the bank. Gunvald Sande had filed a claim in the estate. No other disqualifying interest was shown.

Objection was made to the competency of each of the foregoing witnesses on the basis of section 622.4, Code, 1971 (commonly called the dead man statute). Offers of proof were made of record. The trial court sustained the objections and disregarded the evidence of the witnesses thus ruled incompetent. The basis of the ruling was given:

"* * * An examination of the probate file reveals that the total appraised value of the estate, for state inheritance tax purposes, after deducting life insurance to named beneficiaries, is in the sum of $787,008.42. This will be reduced by payment of a widow's allowance, taxes and costs of administration. The Court further finds that the total amount now claimed against the estate by 25 separate claims filed within the statutory period is in the approximate sum of $976,408.43, plus interest on most claims. The witnesses who were challenged under the provisions of the dead man statute are each interested in the allowance of one or more of said claims now pending in the estate either in their individual or corporate capacity, or both. An allowance of all claims now filed in this estate would, of course, render the estate insolvent. The allowance, or disallowance, of any claim in this estate has a direct bearing and effect upon every other claim filed and for this reason, along with reasons stated as part of the objections made by the administrator at the time of the hearing, the Court is of the view that said witnesses are interested parties within the meaning of the dead man statute under Section 622.4, 1966 Code of Iowa."

We disagree with this determination, reverse and remand.

I. Section 622.4, Code, 1971, provides:

"Transaction with person since deceased. No party to any action or proceedings, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title by assignment or otherwise, and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, mentally ill, or

---

1. The statute of frauds, section 622.32, Code, 1971 was asserted as an objection to certain evidence but was not raised as an appellate point by either party.

lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or the assignee or guardian of such insane person or lunatic."

The exceptions in section 622.5 are not applicable here.

Apropos this problem we said in Hanke v. Bjorgo, 260 Iowa 1109, 1113, 152 N.W.2d 262, 265 (1967): " 'The interest which will make a witness incompetent to testify must be a present, certain and vested interest. Reichart v. Downs, 226 Iowa 870, 285 N.W. 256. We have also said that the test of interest of a witness is that he will either gain or lose by direct legal operation and effect of the judgment * * *.' Schmidt v. Schurke, 238 Iowa 121, 124, 25 N.W.2d 876, 878; Peterson v. Citizens State Bank, 228 Iowa 219, 227, 290 N.W. 546; In re Willesen's Estate, 251 Iowa 1363, 105 N.W.2d 640, 645."

Cogent precedent for such succinct statements is found in Wormley v. Hamburg, 40 Iowa 22, 25 (1874):

"The objection to these witnesses is not tenable. The interest which disqualifies a witness must be a present, certain, and vested interest, and not an interest uncertain, remote or contingent. The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him, in some other action. If the interest is of a doubtful nature, the objection goes to the credit of the witness, and not to his competency. For, being always presumed to be competent, the burden of proof is on the objecting party, to sustain his objection to the competency, and if he fails satisfactorily to establish it, the witness is to be sworn. 1 Greenleaf on Evidence, § 390. * * * The interest was at the most merely uncertain, remote and contingent. It was doubtful, and being doubtful, the disqualification does not satisfactorily appear."

In Mollison v. Rittgers, 140 Iowa 365, 368, 118 N.W. 512, 29 L.R.A.,N.S., 1179 (1908), we said:

" * * * As said in German American Savings Bank v. Hanna, 124 Iowa 374, 100 N.W. 57: 'The disqualifying interest must be in the event of the case, and not in the question to be decided. The liability to a like action or his standing in the same predicament, if the verdict can not be given in evidence for or against him, is an interest in the question only, and does not exclude the witness.' Neither of these witnesses will gain or lose by direct legal effect of the judgment, and the record would not be legal evidence against either. Wormley v. Hamburg, 40 Iowa 22; Clinton Savings Bank v. Underhill, 115 Iowa 292, 88 N.W. 357."

An annotation at 145 A.L.R. 566, 568, dealing with this subject first notes the wide discrepancies both in the language of the various statutes and the factual situations involved. The author then states:

"It may be stated generally that the cases show a strong tendency to permit a claimant to testify in support of the similar claim of another person, even though he could not give such testimony in his own case. * * *."

The annotation cites Mollison v. Rittgers, 140 Iowa 365, 118 N.W. 512, 29 L.R.A.,N.S., 1179 (1908), in support of the general observation.

Ordinarily, "the fact that the witness has a claim against decedent's estate, which is similar to that of a party to the action, does not give him such a direct legal interest in the action as to render him incompetent to testify; and where two claimants file similar claims each is competent to testify for the other." 97 C.J.S. Witnesses § 183, p. 629; Cook v. Gardner, 14 Utah 2d 193, 381 P.2d 78, 79; In re Jelinek's Estate, 146 Neb. 452, 20 N.W.2d 325; McHatton v. McDonnell's Estate, 166 Wis. 323, 165 N.W. 468.

We note, of course, that the proffered witnesses had no joint or common owner-

ship or other *direct interest in the claim being litigated*. This being the case we conclude they were competent to testify.

II. The fact that an estate may become insolvent if all claims filed against it are allowed does not change the situation. The claimed disqualifying factor does not go to the "event of the case" or even to "the question to be decided". It goes only to the collectibility of the judgment obtained. Under the authorities cited this would not make the interest disqualifying. We have said section 622.4, Code, 1971, is not to be enlarged by construction. In re Estate of Winslow, 259 Iowa 1316, 1320, 147 N.W.2d 814, 817 (1967). If we predicate incompetency on insolvency of the estate we would enlarge a statute which has been heretofore strictly construed.

III. The effect of the position of the witness as employees, officers, directors and stockholders of a claimant bank need not be considered. If, as we hold above, the claimant would not be disqualified, it follows those connected with a claimant corporation would also not be disqualified. Therefore the derivative effect of the various connections with the bank is moot in this case.

IV. The efforts of counsel to abbreviate this record are commendable but overdone. In order to determine whether the rejected evidence did in fact constitute reversible error it has been necessary to examine the entire transcript. The offers of proof contain evidence which, if believed by the trier of the facts, might well produce a different result. We here hold such evidence to be admissible. The trial court specifically failed to consider it.

The court based its decision on failure of proof. It specifically excluded the evidence rejected by reason of the dead man statute. This affected the entire proceedings. The case must be remanded for retrial.

The situation is not unlike that found in Stevens v. Peoples Sav. Bank, 185 Iowa 619,

630, 171 N.W. 130, 134 (1919), where we concluded:

" * * * We have considered much whether in view of the trial to the court without a jury the rulings could be deemed prejudicial. It must in the first instance be presumed such; and, as already indicated, this presumption is strongly confirmed by the fact that the findings of the court were in part based upon the absence of such evidence. We are constrained to say, therefore, that the exclusion of the evidence was error and prejudicial. For that reason the judgment below is reversed, and a new trial ordered."

Reversed and remanded.

All Justices concur, except REYNOLDSON, J., who takes no part.