**NASCO LAND DEVELOPMENT COMPANY, INC., a corporation, Plaintiff-Appellee,**

v.

**Mabel G. OSBORNE, one and the same person as Mabel Osborne, one and the same person as Mabel B. Osborne, Mabel G. Osborne, Executrix in the matter of J. Marion Osborne, Deceased, Defendants-Appellees,**

and

**Phillips Petroleum Company, a corporation, Defendant-Appellant.**

**No. 55701.**

Supreme Court of Iowa.

Sept. 19, 1973.

Phillip J. Schwartz, Bartlesville, Okl., and Genung & Rogers, Glenwood, for appellant.

Craig F. Swoboda, Omaha, Neb., and Thomas, McGee & Thomas, Glenwood, for plaintiff-appellee.

Edgar E. Cook, Glenwood, for defendants-appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

RAWLINGS, Justice.

Action for specific performance of land purchase contract by plaintiff-optionee against defendants-optionor and opposing optionee. Defendant-optionee appeals from final adjudication granting relief sought by plaintiff. We reverse.

At all times relevant hereto J. Marion Osborne and Mabel G. Osborne, husband and wife, owned a tract of land located in Mills County. June 8, 1969, J. Marion Osborne died. The surviving spouse was thereupon appointed executor of his estate. In the interest of brevity Mr. and Mrs. Osborne will be sometimes hereafter referred to as Osbornes.

March 27, 1968, Osbornes entered into a contract for the exclusive optional sale to defendant Phillips Petroleum Company, A Corporation (Phillips) of land described as:

"Northeast 10 acres of the East 10 acres of the Northeast Quarter of the Northwest Quarter; Northwest Quarter of the Northeast Quarter; North 15 acres of the Southwest Quarter of the Northeast Quarter; and the East Half of the Northeast Quarter all in Section 18, Township 72, Range 43."

A proviso in the aforesaid Phillips option states: "Grantor will give to Grantee ten (10) acres in any dimensions; which cannot be south of gas meter, on said land."

August 27, 1968, Osbornes also entered into an option contract for the sale to plaintiff Nasco Land Development Compa-

ny, Inc., A Corporation (Nasco) of: "The North East eight (8) acres of the North East ¼ of Section 18, Township 72, Range 43."

The Nasco agreement further states: "This option is subject to a present option to Phillips Petroleum Co."

August 30, 1968, Osbornes were notified to the effect Phillips elected to exercise its option privilege.

April 14, 1969, Osbornes were advised Nasco elected to exercise its option privilege.

November 25, 1969, Nasco commenced the instant action against Mrs. Osborne, both individually and as executor, and Phillips.

By its petition Nasco asserts, (1) Mrs. Osborne, individually and as executor, has refused to perform in accord with the August 27th option quoted above; (2) the Phillips option is invalid and unenforceable. Thereupon Nasco seeks specific performance of its option.

Phillips' answer admits execution of its purchase option, denies existence of the asserted Nasco agreement and any related procedures, then alleges the latter is a foreign corporation without authority to here transact business or maintain an action in the courts of this state. Phillips finally requests Nasco's case be dismissed.

In relevant part the answer filed by Mrs. Osborne, individually and in her representative capacity, concedes Nasco has no adequate remedy at law; asserts a justiciable controversy exists between the parties hereto; and concludes with a prayer that the various legal rights, duties and liabilities of the parties be determined.

On Phillips' application for adjudication of law points trial court held Nasco had a legally recognizable right to sue in this state with regard to the instant transaction.

At trial Nasco introduced in evidence the two aforesaid options, then rested.

Francis Gaskill, lessee of a Phillips station, testified on behalf of that defendant. Trial court held, however, his testimony was inadmissible under what is commonly referred to as the dead man statute, therefore accorded it no consideration.

Another controverted holding adverse to Phillips was that its option is too uncertain and indefinite to be enforceable.

Trial court further determined Phillips had fatally failed to assert a compulsory counterclaim by which reformation of its option could be instantly accorded.

Propositions urged by Phillips in support of a reversal are, trial court erred in entering judgment for Nasco because (1) Nasco is a foreign corporation, therefore barred from maintaining this action; (2) Osbornes are not opposing parties to Phillips within the meaning of Iowa R.Civ.P. 29; (3) Nasco failed to prove procedural exercise of its option; (4) Nasco failed to prove it has been and is ready, willing and able to perform pursuant to its option terms; and (5) Phillips' option is not so facially vague as to be unenforceable. These propositions will not in all instances be individually entertained.

I. Our review is de novo. Janssen v. North Iowa Conf. Pen., Inc. of Meth. Ch., 166 N.W.2d 901, 903 (Iowa 1969).

II. Did trial court err in holding Nasco could maintain this case in an Iowa court?

At a pretrial conference all parties hereto stipulated Nasco is a foreign corporation not authorized to do business as such in Iowa, and its consummation of the Osborne option contract was an isolated transaction completed within 30 days.

The Code 1966, Section 494.9, says, in essence, no foreign stock corporation doing business in Iowa shall maintain an action in this jurisdiction on a contract here made by it absent a required statutory permit.

In holding Nasco was not estopped by the aforesaid enactment to maintain this action, trial court first referred to Code § 496A.142(6), which provides, in part:

"Upon the expiration of a period of two years from and after July 4, 1959, * * * this chapter shall apply to all foreign corporations transacting or seeking to transact business within this state."

The court then referred to § 496A.142 (9) which, to the extent here relevant, states:

"No corporation to which the provisions of this chapter apply shall be subject to the provisions of chapters * * * 494 * * *."

Final reference is made to § 496A.103 (10), which says foreign corporations shall not be considered transacting business in Iowa by reason of:

"Conducting an isolated transaction completed within a period of thirty days and not in the course of a number of repeated transactions of like nature."

■ Despite Phillips' sophistic argument to the contrary we are satisfied the above noted pretrial stipulation served to bring the Nasco-Osborne transaction within the terms, intent and purpose of § 496A.103 (10), quoted *supra*. See generally 20 C.J. S. Corporations § 1830.

Phillips' contention to the effect Nasco, a foreign corporation, was barred from instituting this action in an Iowa court is devoid of merit.

III. The issue next to be resolved is whether trial court committed error in holding Phillips could be accorded no relief by reason of its noncompliance with Iowa R.Civ.P. 29. It states:

"A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, unless its adjudication would require the presence of indispensable parties of whom jurisdiction cannot be acquired. A final judgment on the merits shall bar such a counterclaim, although not pleaded."

The two optionees, Nasco and Phillips, have at all times argued the issue at hand upon the so-called "opposing party" theory. Trial court employed that approach and thereupon concluded, in substance, Phillips could neither now nor later be accorded any relief because of its failure to instantly seek reformation of the "ambiguous" Phillips-Osborne option.

In light of our holding, *infra,* we find it unnecessary to apply the foregoing "opposing party" rationale.

By its petition Nasco prays specific performance of its option and attendant nullification of that held by Phillips.

On the other hand Phillips asserts the Nasco option is of no legal force or effect.

Then, as aforesaid, the Osborne answer admits execution of both options referred to above, concedes a justiciable issue exists as between the parties hereto, and asks the court to determine the various legal rights, duties, obligations and liabilities of the parties. The record reveals no reply or motion was ever filed with regard to this final responsive pleading.

■ We are satisfied Nasco's petition and the Osborne answer mandate a determination of the respective option related rights and obligations of each and every party to this action.

By the same token, though Phillips was not instantly entitled to benefit of reformation, it had the right to introduce competent parol evidence to show what was meant by what was said in its option agreement.

In Alcorn v. Linke, 257 Iowa 630, 639, 133 N.W.2d 89, 95 (1965), this court noted its adherence to the rule:

"' * * * that where reformation of a deed is not sought, and the description of the property transferred is unambiguous, extrinsic evidence as to mistake in the description is inadmissible.' "

A corollary to the foregoing would be that where, as in Phillips' option, the property description is ambiguous then extrinsic explanatory evidence may be introduced. As stated in 32A C.J.S. Evidence § 1007(1) at 581–582:

"[W]here a portion of the description of property is erroneous, the fact may be shown by parol evidence and the property intended to be described may be identified, since this amounts merely to the rejection of the false reference in the description, pursuant to the well-settled rule of interpretation falso demonstratio non nocet."

See also 30 Am.Jur.2d, Evidence, §§ 1040, 1069; 55 Am.Jur., Vendor and Purchaser, § 121; 91 C.J.S. Vendor & Purchaser § 6 at 846–847.

Furthermore, the principle enunciated above is amply supported by our pronouncements in Hamilton v. Wosepka, 261 Iowa 299, 305–314, 154 N.W.2d 164 (1967), where we dealt extensively with the subject at hand. To the extent here relevant this court there held, parol evidence is admissible to explain the terms of any written agreement, even where such evidence comes from a third party observer. See also Pappas v. Hauser, 197 N.W.2d 607, 612 (Iowa 1972); Union Trust & Savings Bank v. State Bank, 170 N.W.2d 674, 677 (Iowa 1969); Janssen v. North Iowa Conf. Pen., Inc. of Meth. Ch., 166 N.W.2d at 903–905; 1A Corbin on Contracts, § 261A.

But the foregoing is not alone dispositive of the instantly entertained issue.

IV. In course of trial Francis Gaskill, as heretofore noted, was called and testified on Phillips' behalf. The record reveals this witness was, at all times material hereto, an independent lessee operator of a Phillips service station. As conceded by Nasco, trial court ultimately concluded Gaskill's testimony was inadmissible under the dead man statute. That enactment, Code § 622.4, declares:

"No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title by assignment or otherwise, and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, mentally ill, or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or the assignee or guardian of such insane person or lunatic."

■ We are satisfied trial court's holding with regard to Gaskill's testimony constituted error which dictates this case be reversed and remanded. See Sisson v. Johnson, 187 N.W.2d 745, 748 (Iowa 1971).

In Reichart v. Downs, 226 Iowa 870, 872, 285 N.W. 256 (1939), we held Code § 622.4 does not make the agent of another an incompetent witness. See also Cowan v. Allamakee Ben. Soc., 232 Iowa 1387, 1390, 8 N.W.2d 433 (1943); 58 Am.Jur., Witnesses, § 309; 97 C.J.S. Witnesses §§ 180, 184. And, as previously demonstrated, Gaskill was not even an agent for Phillips.

Then in Sisson v. Johnson, 187 N.W.2d at 747, this court said, with reference to the dead man statute:

"' "The interest which will make a witness incompetent to testify must be a

present, certain and vested interest. Reichart v. Downs, 226 Iowa 870, 285 N.W. 256. We have also said that the test of interest of a witness is that he will either gain or lose by direct legal operation and effect of the judgment * * *." (Authorities cited).'

" * * *

" ' * * * If the interest is of a doubtful nature, the objection goes to the credit of the witness, and not to his competency. * * *.' "

It is to us self-evident Gaskill had no present, certain and vested interest from which he stood to gain or lose by direct legal operation and effect of any judgment entered in the instant case.

Moreover, Gaskill's participation in any conversation attending execution of the Phillips-Osborne option was not alone a witness-disqualifying factor. See Davis v. Travelers Insurance Company, 196 N.W. 2d 526, 530 (Iowa 1972), and citations. In any event we do not propose to extend § 622.4 by now holding otherwise. Compare with In re Estate of Winslow, 259 Iowa 1316, 1320–1321, 147 N.W.2d 814 (1967); Turbot v. Repp, 247 Iowa 69, 78, 72 N.W.2d 565 (1955); Carlson.v. Bankers Trust Co., 242 Iowa 1207, 1213, 50 N.W.2d 1 (1951).

V. Since other propositions assigned were at most only inferentially passed upon by trial court they will not be here considered.

This case does, however, demonstrate the need for a legislative reconsideration of Code § 622.4, heretofore set forth at length. See generally 2 Wigmore on Evidence, § 578 (3d ed. 1940), and authorities cited n. 1 at 695; McCormick on Evidence, § 65 at 142–144 (2d ed. 1972); M. Ladd, "The Dead Man Statute: Some Further Observations and a Legislative Proposal", 26 Iowa L.Rev. 207 (1941); 35 Iowa L. Rev. 115 (1949).

Reversed and remanded for a new trial.