Freda LAING, Administrator of the Estate of Howard Jack Laing, Appellee,

v.

STATE FARM FIRE & CASUALTY COMPANY and State Farm Mutual Automobile Insurance Company, Appellants.

No. 2–56806.

Supreme Court of Iowa.

Dec. 17, 1975.

John J. Murray of Mitchell, Murray & Blackburn, Fort Dodge, for appellants.

Claire F. Carlson of Kersten, Opheim, Carlson & Estes, Fort Dodge, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Freda Laing, as administrator of the estate of her husband Howard Jack Laing (known as Jack Laing) brought this declaratory judgment action against State Farm Fire & Casualty Company and State Farm Mutual Automobile Insurance Company. She sought a determination, *inter alia*, that her husband was insured by a State Farm policy at his death on September 3, 1971. Defendant by amended answer alleged decedent had cancelled the policy prior to his death. After trial to the court, judgment was entered for the administrator. Upon State Farm's appeal, we reverse and remand.

July 27, 1971 Freda Laing applied for auto insurance with State Farm, completing a non-binding application for insurance in State Farm Mutual Insurance Company and signing her husband's name. State Farm responded by notifying its local agent, Bailey, that insurance would issue from their high risk company, State Farm Fire & Casualty Company. Bailey notified Mrs. Laing approval had been received. He failed to notice the change in companies and quoted the lower State Farm Mutual rates to Mrs. Laing, who paid $40 to apply on the misquoted premium.

The policy was issued, effective August 20, 1971, and sent to Bailey. August 27, 1971, he went to the Laing home with the policy and a premium statement for an additional $79.80 for a six month period.

State Farm sought to elicit from agent Bailey the conversation at the home between Laing and him. Trial court sustained objections grounded on the incompetency of the witness under § 622.4, The Code (transaction with person since deceased). On offer of proof Bailey testified that when Laing learned he had been insured in the high risk company he became very enraged toward the company, told the agent to take the policy and send it back, that he wanted nothing more to do with it, and the company could go to hell. Bailey left the Laing home with the policy.

When Bailey returned to his office he wrote a memorandum to the company dated August 27, 1971, stating, "I tried to deliver this standard policy today. Insured wants it cancelled effective today if we won't take him in the Mutual Company. * * * Please reissue in Mutual Company or send a refund on their standard policy." An "Acknowledgment of Cancellation Request" dated September 2, 1971 was sent to Jack Laing by State Farm, indicating the effective cancellation date as August 28, 1971. The car-truck collision in which Laing was killed and Mrs. Laing injured occurred September 3, 1971. A partial refund check for $34.70, not computed at the rate basis applicable when the insured cancels the policy, was ultimately received but not cashed.

Trial court held for the administrator on several grounds, including the factual finding the insured never cancelled the policy. The issues whether any of the other policy and statutory grounds are sufficient to support trial court's judgment have not been raised or argued here and we do not pass on them. The sole issue presented is whether trial court erred in excluding agent Bailey's testimony regarding his conversation with Laing, which evidence could have supported the court's finding Laing never cancelled the policy.

■ I. Because this case was tried as a law action, review is for errors at law. Rule 334, Rules of Civil Procedure; *Flynn v. Michigan-Wisconsin Pipeline Company*, 161 N.W.2d 56, 60 (Iowa 1968); *Henderson v. Hawkeye-Security Insurance Company*, 252 Iowa 97, 100, 106 N.W.2d 86, 88 (1960).

Relevant are several of our general rules governing interpretation of the dead man's statute.

■ The statute is not to be enlarged by construction. *Nasco Land Development Company, Inc. v. Osborne*, 210 N.W.2d 638, 643 (Iowa 1973); *Carlson v. Bankers Trust Co.*, 242 Iowa 1207, 1213–1214, 50 N.W.2d 1, 5 (1951).

■ The interest which disqualifies a witness must be present, certain and vested, and not uncertain, remote or contingent. *In re Willesen's Estate*, 251 Iowa 1363, 1371, 105 N.W.2d 640, 645 (1960).

■ The test of interest is whether the witness will gain or lose by direct operation of the judgment or whether the record will be legal evidence for or against him in some other action. *Gilmer v. Neuenswander*, 238 Iowa 502, 509, 28 N.W.2d 43, 47 (1947).

■ II. The general rule is that an agent of a party is not automatically disqualified from testifying to a communication with a person since deceased in an action against the administrator of the estate. 3 Jones on Evidence § 20:35 at p. 673 (6th ed. 1972). Iowa has followed this rule consistently in a line of cases extending from 1899 to 1973. *Nasco Land Development Company, Inc. v. Osborne, supra; Cowan v. Allamakee County Benevolent Soc.*, 232 Iowa 1387, 1390, 8 N.W.2d 433, 435 (1943); *Reichart v. Downs*, 226 Iowa 870, 872, 285 N.W. 256, 257 (1939); *Range v. Mutual Life Ins. Co.*, 216 Iowa 410, 414–415, 249 N.W. 268, 270 (1933); *Stutsman v. Crain*, 185 Iowa 514, 525, 170 N.W. 806, 810 (1919); *Chicago, R. I. & P. Ry. Co. v. McEl-*

*hany*, 182 Iowa 1035, 1044, 165 N.W. 67, 69 (1917); *University of Chicago v. Emmert*, 108 Iowa 500, 503, 79 N.W. 285, 286 (1899).

■ Confronted with these authorities, the administrator counters with the argument that Bailey's agency was coupled with an interest, which interest can be presumed because the whole purpose of his testimony was to prove the company's affirmative defense of cancellation. This begs the question: translated, it implies because Bailey's testimony was probative he should be disqualified.

Bailey had no interest beyond that of any other agent who could be expected to have a general desire to see his principal's cause advanced. This was held insufficient to render the agent an incompetent witness in several of the decisions just cited, and it of course fails to meet the test set out in *Gilmer v. Neuenswander, supra.*

Trial court should have admitted the testimony; its exclusion was reversible error.

■ III. While there is precedent for deciding the case here, an offer of proof having been made, *Ferris v. Employers Mutual Casualty Company*, 255 Iowa 511, 522, 122 N.W.2d 263, 269–270 (1963), we conclude the proper disposition is to remand. See *Sisson v. Johnson*, 187 N.W.2d 745, 748 (Iowa 1971).

■ The type of testimony excluded here does more than invoke our rule that the fact finder is not bound to accept testimony as true because it is not contradicted. *Daboll v. Hoden*, 222 N.W.2d 727, 736 (Iowa 1974); *Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 643 (Iowa 1969). Under these circumstances, in which a witness details a conversation with a person since deceased and not available for rebuttal, we have held such evidence must be "examined with the closest scrutiny, subjected to the most severe tests which tend to weaken its credibility, and carefully, jealously and cautiously weighed and considered." *Byers v. Byers*, 242 Iowa 391, 404–405, 46 N.W.2d 800, 807 (1951); see *Estate of Thompson v.*

*O'Tool*, 175 N.W.2d 598, 601 (Iowa 1970) and citations.

Trial court is better positioned, on retrial, to apply such tests.

Reversed and remanded.