Marvin THUMAN, Receiver for the Property of Anna and Henry DeJong and Ottumwa Production Credit Association, Appellees,

v.

MONROE COUNTY TRUCK & IMPLEMENT COMPANY, a Corporation, and Bernice Fitzsimmons, Executor under the Last Will and Testament of Morris Fitzsimmons, Deceased, Appellants.

No. 2-58461.

Supreme Court of Iowa.

June 29, 1977.

Vincent E. Johnson, Montezuma, for appellants.

Bailey C. Webber, Ottumwa, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and McCORMICK, JJ.

LeGRAND, Justice.

This case arises out of an alleged wrongful conversion of security pledged by Anna DeJong and Henry DeJong to Ottumwa Production Credit Association as security for a loan. The property was later taken by Monroe County Truck & Implement Company under claim of a prior lien. Subsequently, Marvin Thuman was appointed receiver of the property of Anna DeJong and Henry DeJong. This litigation ensued to settle the respective claims of plaintiffs and defendants to this property. The case was tried to the court as an action at law. Judgment was entered in favor of plaintiffs for $7,925. Defendants appeal, and we affirm.

Only two issues are raised. They concern (1) the admission of certain evidence said to have been received in violation of § 622.4, The Code, and (2) a claim that the property in question was not sufficiently identified.

I. The first alleged error deals with the trial court's ruling certain evidence was not in violation of the dead man's statute (§ 622.4). The statute is here set out:

"Transaction with person since deceased. No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title by assignment or otherwise, and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, mentally ill, or lunatic, against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or the assignee or guardian of such insane person or lunatic."

We have limited the application of the dead man's statute to its precise terms and have declined, along with most other courts, to extend it by judicial construction. *See Laing v. State Farm Fire & Cas. Co.*, 236 N.W.2d 317, 319–320 (Iowa 1975); *Carlson v. Bankers Trust Co.*, 242 Iowa 1207, 1213–1214, 50 N.W.2d 1, 5 (1951).

During trial Marvin Thuman, plaintiff herein, was examined about a conversation he had with Morris Fitzsimmons. The purpose of the conversation was to show the farm equipment over which this dispute arose was in the possession of Monroe County Truck & Implement Company, one of the defendants.

At the time of trial Morris Fitzsimmons was dead. Bernice Fitzsimmons, executor of his estate, was a co-defendant along with Monroe County Truck & Implement Company.

Proper objection was made under § 622.4 to the testimony of Marvin Thuman concerning his conversation with Morris Fitzsimmons. The trial court at first sustained the objection. Later the ruling was modified to permit the testimony to come in but limiting its application to the claim against Monroe County Truck & Implement Company. As to the claim against the estate of Morris Fitzsimmons, the objection was sustained.

■ This ruling was correct. The general rule is that the statute does not apply to conversations and transactions with an agent because he is not one of those made incompetent to testify under the statutory language. It makes no difference whether the agent or the other party is deceased. The survivor of the two is competent.

In *Laing, supra,* 236 N.W.2d at 319, an agent was permitted to testify to a conversation on behalf of his principal even though the other party was dead. There we said:

"The general rule is that an agent of a party is not automatically disqualified from testifying to a communication with a person since deceased in an action against the administrator of the estate. 3 Jones on Evidence § 20:35 at p. 673 (6th ed. 1972). Iowa has followed this rule consistently in a line of cases extending from 1899 to 1973. *Nasco Land Development Company, Inc. v. Osborne, supra* [210 N.W.2d 638 (Iowa 1973)]; *Cowan v. Allamakee County Benevolent Soc.,* 232 Iowa 1387, 1390, 8 N.W.2d 433, 435 (1943); *Reichart v. Downs,* 226 Iowa 870, 872, 285 N.W. 256, 257 (1939); *Range v. Mutual Life Ins. Co.,* 216 Iowa 410, 414–415, 249 N.W. 268, 270 (1933); *Stutsman v. Crain,* 185 Iowa 514, 525, 170 N.W. 806, 810 (1919); *Chicago, R. I. & P. Ry. Co. v. McElhany,* 182 Iowa 1035, 1044, 165 N.W. 67, 69 (1917); *University of Chicago v. Emmert,* 108 Iowa 500, 503, 79 N.W. 285, 286 (1899)."

We have applied the same rule in cases in which the agent is the deceased party. *State Bank of Dexter v. Fairholm,* 201 Iowa 1094, 1097, 206 N.W. 143, 144 (1925) (statute does not apply to transactions between one party and the agent of another); *Blachly v. Newburn,* 179 Iowa 790, 801–802, 162 N.W. 36, 39–40 (1917) (transactions with agent not within inhibition of statute); *Stiles v. Beed,* 151 Iowa 86, 96–98, 130 N.W. 376, 380 (1911) (agent held to be competent witness); *Barnett v. First Nat'l Bank of Chariton,* 148 Iowa 667, 669, 127 N.W. 1012, 1013 (1910) (statute does not apply to one who is mere agent for real party in interest); *Jamison v.*

*Auxier,* 145 Iowa 654, 655, 124 N.W. 606 (1910) (statute does not apply to transactions with deceased agent). *See* 3 Jones on Evidence (6th ed. Gard. 1972), §§ 20:34, 20:35, pp. 669, 673; Ladd, *The Dead Man Statute: Some Further Observations and a Legislative Proposal,* 26 Iowa L.Rev. 207, 220 (1941); Comment, 11 Iowa L.Rev. 287–289 (1926).

Morris Fitzsimmons was acting as agent for Monroe County Truck & Implement Company at the time of the conversation in question. The trial court correctly ruled Thuman's testimony was admissible against the corporation.

Defendants argue the general rule should not apply because Monroe County Truck & Implement Company was a close corporation. No one except Mr. and Mrs. Fitzsimmons had any proprietary interest therein. They were the sole stockholders and officers. They say permitting testimony concerning Thuman's conversation with Mr. Fitzsimmons is the same as allowing it against the estate since a judgment against the corporation inevitably works against Fitzsimmons personally. *In re Cohen's Estate,* 137 N.Y.S.2d 300, 308 (N.Y.Sup.Ct. 1954), aff'd 309 N.Y. 935, 132 N.E.2d 311.

This is really the old "corporate veil" argument in reverse. Usually it is those who control the corporation who insist upon keeping the corporate existence inviolate, while creditors or others seeking redress urge courts to disregard the corporate form to reach those who actually own it. In the present case we face the unusual situation of having the very ones who availed themselves of the benefits of the corporate device now asking that we disregard it when that course would be to their advantage.

We decline to do so. Cases like *In Re Cohen's Estate, supra,* go much farther than we are willing to go and reach, in our opinion, an undesirable result by enlarging the dead man's statute beyond its fair limits.

■ II. We also find against defendants on the second issue raised—the identification of the mortgaged property. In con-

**334**

sidering this matter we are bound by the trial court's findings if supported by substantial evidence. Rule 344(f)(1), Rules of Civil Procedure.

Much of the force of defendant's argument as it relates to the corporate defendant was dissipated with our holding the conversation between Mr. Thuman and Morris Fitzsimmons was properly received. This testimony alone was enough to support a judgment against Monroe County Truck & Implement Company.

Even as to Morris Fitzsimmons' estate we find the record sufficient. Disregarding for this purpose the controversial conversation, we find other facts testified to by Mr. Thuman and by Bernice Fitzsimmons furnished ample basis for the finding against the executor of Morris Fitzsimmons' estate. That result is therefore binding on us.

The judgment is

AFFIRMED.