Vane L. LINDSAY, Appellant,

v.

Betty J. DAVIS, Appellee.

No. 61467.

Supreme Court of Iowa.

March 21, 1979.

Arnold O. Kenyon, II, of Kenyon Law Office, Creston, for appellant.

Thomas E. Mullin, of Mullin, Mullin, McLaughlin, Harvey & McConville, Creston, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK, and ALLBEE, JJ.

UHLENHOPP, Justice.

This appeal involves the question of whether the showing in support of defendant Betty J. Davis' motion for summary judgment was sufficient to entitle her to judgment. *See Sherwood v. Nissen*, 179 N.W.2d 336, 338 (Iowa 1970) ("Frequently the question on motions for summary judgment is whether the showing in resistance to the motion is adequate. Here, however, the question is whether the showing in support of the motion was sufficient in the first place." (Citation omitted.)).

Plaintiff Vane L. Lindsay commenced this action on January 4, 1977, alleging that on January 17, 1975, Delano Granite, Inc. (a foreign corporation), sold Davis a grave marker which Delano thereafter installed. Lindsay, Delano's agent, alleged he succeeded to Delano's rights by paying the corporation the amount Davis owed. We assume for purposes of the appeal that Lindsay cannot successfully bring action in Iowa if Delano cannot do so.

Davis answered averring various defenses. We are presently concerned with the pleaded defense that suit cannot be brought in Iowa courts on a claim which originated with Delano. In that connection Davis averred in her answer that "Delano Granite, Inc., of Delano, Minnesota was not authorized to do business and did not have a permit to do business in Iowa *at the time the action was commenced on January 4, 1977.*" (Italics added.)

Davis filed a motion for summary judgment in which she stated in this connection that "Delano Granite, Inc. was not authorized to do business and did not have a permit to do business in Iowa *at the time this action was commenced, on to wit: January 4, 1977.*" (Italics added.) Attached to the motion was a certificate of revocation of the Iowa Secretary of State stating:

This certifies that the Certificate of Authority of DELANO GRANITE, INC. —Delano, Minnesota to transact business in Iowa is hereby revoked effective November 24, 1975, pursuant to Section 496A.118, Code of Iowa, 1976, for failure to file the 1975 Annual Report.

Also attached were a copy of a letter of inquiry to the Secretary of State dated September 28, 1977, and a response stating, "A search of our files shows the above named corporation has not reinstated as of this time."

Lindsay filed a resistance to the motion, but for present purposes we need not be concerned with that document. We take as established that Delano's permit to do business in Iowa was not in effect when Lindsay sued on January 4, 1977.

The parties argue two issues: whether the Iowa statutes entitle Davis to judgment under the established fact that Delano had no Iowa permit at the time Lindsay sued, and whether Delano was engaged in interstate commerce so as to render those Iowa statutes inapplicable under the Commerce Clause. We find no necessity to consider the second issue.

I. Our rule is that "the burden is upon the movant for summary judgment to show absence of any genuine issue of a material fact." In that connection, "All material properly before the court must be viewed in a light most favorable to the opposing party." *Davis v. Comito*, 204 N.W.2d 607, 612 (Iowa 1973).

II. Delano and Davis allegedly made the contract on January 17, 1975. Whether Delano had a permit to do business in Iowa at that time we need not inquire, for Davis founded her motion on absence of a permit "at the time the action was commenced on January 4, 1977." She has established that Delano had no Iowa permit when Lindsay brought suit. What is the legal effect of this?

■ III. Davis relies on §§ 494.9, 496A.120, and 496A.130, The Code 1975.

A. Section 494.9 provides:

> No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such permit. This prohibition shall also apply to any assignee of such foreign stock corporation and to any person claiming under such assignee of such foreign corporation or under either of them.

This section is inapplicable to the ground of the motion; it requires a permit "prior to the making of such contract" rather than prior to commencing suit. The section is also inapplicable because of § 496A.142(6) and (9) of the Code. *See Nasco Land Development Co. v. Osborne*, 210 N.W.2d 638, 640–641 (Iowa 1973).

B. Section 496A.120 provides so far as relevant:

> No foreign corporation transacting business in this state without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this state, until such corporation shall have obtained a certificate of authority, nor shall any action, suit or proceeding be maintained in any court of this state by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this state, until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets  .    .  . .

As we read this section it prohibits an action by a foreign corporation, or the corporation's assignee or successor, on a right, claim, or demand arising out of "transacting business in this state without a certificate of authority." That is not the ground of the motion. The motion is founded on maintaining an action without a permit. Section 496A.103 provides that maintaining an action does not constitute "transacting business in this state." That section states in part:

> Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state any one or more of the following activities:
>
> 1. Maintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting the settlement thereof or the settlement of claims or disputes.

Davis' motion does not fall within § 496A.120.

C. The fifth paragraph of § 496A.130 prohibits actions by a corporation where its "certificate of incorporation" is cancelled; the clauses of the paragraph proceed to deal with winding up the terminated corporation's affairs. The Iowa Secretary of State did not cancel Delano's certificate of incorporation, which was from the State of Minnesota; he revoked Delano's certificate of authority to do business in Iowa. This paragraph of section 496A.130 deals with domestic corporations and does not support Davis' motion. *See* § 496A.2(2).

We conclude that the court should have overruled Davis' motion for summary judgment.

REVERSED.